## FORDYCE *v.* McCANTS.

Decided January 30, 1892.

1.  *Death by wrongful act—Damages sustained by father.*

    In an action by an administrator, under sections 5225-6 of Mansf. Dig., for the benefit of the father of decedent, an adult, whose death was caused by defendant's negligence, the evidence tended to show that the father was poor and dependent and that the son was in the habit of giving him about $300 per annum. The father's expectancy of life, according to the mortuary tables, was about seventeen years. *Held,* that the jury were justified in drawing the conclusion that decedent would have continued to aid his father; and that a verdict in plaintiff's favor for $2391.50 would not be set aside as excessive.

2.  *Evidence—Presumption from silence.*

    The failure of a person for whose benefit a suit is prosecuted to testify as to a material fact peculiarly within his knowledge is a suspicious circumstance, but raises no such presumption against him that the jury may not consider other evidence upon the same subject.

APPEAL from *Phillips* Circuit Court.

MATTHEW T. SANDERS, Judge.

R. Lee Connor, while a passenger on a train of the Texas & St. Louis Railway Company, operated by Fordyce as receiver, was killed in an accident occasioned by negligence of the railway operatives. He was an unmarried adult, and left his father as his sole heir at law. This suit was brought by McCants, as administrator, for the benefit of the father. The only error assigned on appeal is that the verdict in favor of the plaintiff for $2391.50 was excessive. The evidence is stated in the opinion.

*J. C. Hawthorne* and *Sam H. West* for appellant.

To entitle plaintiff to recover, it was incumbent on him to show " that deceased gave assistance to his father, contributed money to his support, or that the father had a reasonable expectation of pecuniary benefit from the continued life of the son, the reasonable character of this expectation to appear from the facts in proof." 51 Ark., 509. The proof in this case is not sufficient to bring plaintiff within

the rule, See Patterson's Ry. Ac. Law, p. 482, sec. 400; 43 Ill., 338; 75 id., 468; 51 Wis., 599; 21 A. & E. R. Cas., 418. The burden was on plaintiff to prove a reasonable expectation of such pecuniary benefit from the continued life of the child. Patterson's Ry. Ac. Law, p. 490, sec. 404; 55 Pa. St., 499; Pierce on Railroads (ed. 1881), p. 399; 32 Minn., 518; 28 id., 103. See also 27 N. W. Rep., 305; 83 Ill., 204; 15 N. Y., 432.

Annuity tables are competent evidence. 118 U. S., 545; L. R. 8 Ex., 221; 26 A. & E. R. Cas., 480. The verdict is excessive and entirely unsupported by evidence. The fact that the father did not testify is at least significant, and raises a strong presumption that his testimony would not have been favorable to plaintiff's claim.

*Palmer & Nicholls* for appellee.

The verdict is not excessive and is sustained by the evidence. The verdict does not shock the sense of justice, and ought not to be disturbed. 15 Ark., 413; 18 id., 598; 26 id., 360.

COCKRILL, C. J. This is a continuation of the case reported under the same style in 51 Ark., 509. The second trial resulted in a judgment for $2391.50, which was recovered by the appellee for the benefit of the father of the deceased as his next of kin. The appellant's only contention is that the judgment is excessive.

The evidence tended to show that the father was poor and dependent upon relatives for support; that his son, on account of whose death the action was prosecuted, had been from home about two years and during that time had sent to his father and mother all of his earnings above his living and incidental expenses. He first received $25 and afterward $35 a month, together with his board, as a salesman in a general merchandise business. His employer, who is the appellee, McCants, testified that his services were all the while increasing in value, and that the expenses which he paid out of the money he received were only about $125 a

1. What damage a father sustains by death of adult son.

S C—25

year. The mortuary tables put in evidence at the trial tended to. show that the father's expectancy of life at the time of the son's death was about seventeen years.

As the father was poor and dependent, the probability was great that he would require the assistance of his son. In connection therefore with testimony that the son was already in the habit of aiding him, the jury were justified in drawing the conclusion that he would continue to do so. 2 Sedg., Dam., sec. 580; Cooley on Torts, 272.

The amount awarded by them is not beyond reason, upon the evidence adduced; the verdict is not therefore to be disturbed.

2. Rule as to presumption from silence. But it is argued that the testimony as to aid to the father is of a character which does not carry conviction and should not be regarded. Our answer must be that the jury was the judge of that fact. The testimony in question was given by the plaintiff without objection. He was the merchant also who had had the son in his employ from the time he left home until his death. The young man was his relative and an inmate of his home; he professed to know his habits and to have general information as to his expenditures. He did not state how often, at what time or in what amounts the deceased had sent aid to his father, but he stated positively that what was left of his earning, after paying about $125 a year in expenses, was sent to his father and mother. The defendant did not attempt to weaken this testimony by demanding upon the cross-examination more specific information as to the witness' means of knowledge. There was no attempt in any form to impeach it. The jury were at liberty therefore to believe it.

The amount of the aid which the son was in the habit of extending to his father was a material fact to guide the jury in the recovery in the latter's behalf. The fact, it would seem, was peculiarly within the father's knowledge. His failure to testify was therefore a circumstance which the jury might have looked upon with suspicion. *Felton* v. *Leigh,* 48 Ark., 498; *Miller* v. *Jones,* 32 *id.,* 337. But it was only a

·circumstance. There is no rule of law which bound them ·to look to it to the exclusion of, or as negativing, the positive testimony of McCants. They found the truth, as their verdict asserts, in McCants' statement; and if his statement is true, the father has concealed nothing. We cannot gain.say the jury's province to reason in that way. The verdict .is sustained by the evidence.

The judgment must be affirmed.