CADY *v.* GUESS.

4-5336                                      124 S. W. 2d 213

Opinion delivered January 30, 1939.

*Charles Herman* and *Arnold & Arnold,* for appellants.

*Bert B. Larey,* for appellee.

BAKER, J.  On May 4, 1937, the plaintiffs, William R. Cady, Louis B. von Weise and Mississippi Valley Trust Company, Trustees under the will of P. D. C. Ball, deceased, and Margaret Ball Cady, in her own right, filed suit in the circuit court of Miller county against E. B. Guess.  This suit was to recover judgment on two certain promissory notes dated November 24, 1930, payable to P. D. C. Ball, with interest from maturity at the rate of 6 per cent. per annum.  One of the notes was for $2,500, due January 10, 1931, and one for $1,500, due January 20, 1931.  The $2,500 note was credited, on June 20, 1931, with $1,000.  The note is indorsed: ''Without recourse on us'' and is signed by Louis B. von Weise and Ella M. Jacoby.  Executors under the will of P. D. C. Ball.  The second note bore the same indorsement signed by the same parties.  It had no payment credited thereon.

Guess answered denying every material allegation of the complaint and pleaded the statute of limitations. The plaintiffs then amended their complaint and set out in the amendment three letters written by the executors of the estate of P. D. C. Ball, deceased, and one written by Guess.  The first of these letters is dated June 27, 1935, and is as follows:

"Estate of

''Mr. E. B. Guess,              ''July 27, 1935
''c/o Huning Mercantile Company,
''Los Lunas, New Mexico.
''Dear Sir:

''We are executors of the estate of P. D. C. Ball, deceased.

''We hold your notes dated December 3, 1930, to Mr. Ball, one for $2,500 due January 10, 1931, upon which you paid $1,000 on principal June 30, 1931, leaving an unpaid balance of $1,500, and the other note for $1,500, due January 20, 1931, with interest at 6 per cent. from date.

''We are compelled to insist that you make payment of these notes at an early date.

''Yours truly,
''Louis B. von Weise,
''Ella M. Jacoby,
''Executors, Estate of

''By''                                P. D. C. Ball, Deceased.

The second letter was dated August 2, 1935, and is as follows:

"August 2, 1935.

"Mr. E. B. Guess,
"Roswell, New Mexico.
"Dear Mr. Guess:

"We addressed a letter to you at Los Lunas, New Mexico, in care of the Huning Mercantile Company. The Huning Mercantile Company returned it to us and advised they thought you could be reached at Roswell.

"Therefore, we are reforwarding the letter to you and ask that you kindly let us have a reply promptly.

"Yours very truly,
"Louis V. von Weise,
"Ella M. Jacoby,
"Executors, Estate of
P. D. C. Ball, Deceased.

"By"

Both of these letters were addressed to E. B. Guess, the first in care of Huning Mercantile Company, Los Lunas, New Mexico, and the second addressed to him at Roswell, New Mexico. A letter by Mr. Guess, written from Dallas, Texas, to Miss Jacoby, is as follows:

"Hotel Adolphus
"Dallas, Texas
"August 28th, '35.

'Dear Miss Jacoby:

"Your letter 2nd reached me here and I hardly know how to answer for I'm unable to do anything on the matter at the present time. I was caught in this jam and all but squeezed to death. On top of all the other worries I had, I had a sudden heart heart attack, went to the hospital last September remained there until February. Since then all I have been able to do is to get in other people's way.

"As you know after buying this stuff from Mr. Ball the oil business went from bad to worse and I was never able to realize anything from it, as well as many other things I had.

"I think I may be able to send you $500 by October 10th and follow up with $100 a month until paid or as long as I live. I realize this is a very sorry offer but don't see how I can do any better as all of my assets have been wiped out and all I can depend on is do what I can and hope for a lucky strike.

"Wish you would kindly write me here and say how you feel regarding the above. I am

"Most sincerely,

"(Signed)   E. B. Guess."

The answer to said letter was an acceptance of his proposition.

It can be of no real benefit to the parties, or counsel to set forth with minute detail such facts as were disclosed in the evidence. We think it sufficient to state our conclusions in the matter.

Miss Jacoby wrote the letters addressed to Mr. Guess, according to her testimony, and Mr. Guess wrote the one letter, to which his name was signed. Her first letter, dated July 27, 1935, and sent in care of the Huning Mercantile Company, she says, was returned to her by that company, which advised her that Mr. Guess could be found at Roswell, New Mexico. The second letter, which we have copied above, dated August 2, 1935, was written by Miss Jacoby to Mr. Guess at Roswell. All that letter stated, as will be observed from the copy above, was that the Huning Mercantile Company had returned the letter of July 27, and advised that it thought he could be reached at Roswell; that she was "reforwarding" the letter and asked for a reply. We direct attention especially to the foregoing statement in regard to this second letter written by Miss Jacoby. It certainly did not call for a reply, but it desired a response to the letter which was "reforwarded" and dated July 27. In that letter special attention is called to the two notes, their amounts, maturity dates, and interest rates, and there was an insistence that settlement be made at once.

Upon the trial of the case Miss Jacoby testified, and the effect of her testimony, as we understand it, is that she forwarded to Mr. Guess the letter written July 27 at

the time she wrote the letter of August 2nd. The principal argument made is that Miss Jacoby was not certain in regard to forwarding this letter. It is urged that her testimony in that respect is so unsatisfactory that the court was justified in finding that the letter of July 27th was not forwarded by her nor was it received by Mr. Guess, and since the court had so found the facts, these letters did not serve to toll the statute of limitations, as to these notes, for the reason that the indefinite and uncertain response made by Mr. Guess did not sufficiently identify the debts or obligations concerning which he wrote. The trial court no doubt had that idea and rendered judgment accordingly in favor of Mr. Guess.

The appellants insist that the judgment of the trial court is not only not supported by any evidence, but that it is contrary to all the evidence produced. Argument is offered by appellee that the evidence is not sufficient to show that these letters were properly addressed, stamped and posted, and that, therefore, the presumption of delivery does not obtain.

Numerous authorities are cited, some, the most interesting of which, are as follows: *Southern Engine & Boiler Works* v. *Vaughan,* 98 Ark. 388 135 S. W. 913, Ann. Cas. 1912D, 1062; *Taylor* v. *Corning Bank & Trust Co.,* 183 Ark. 757, 38 S. W. 2d 557.

The view we have of this case, however, makes the questions of law suggested of no great importance. True, we would have little doubt about the delivery of these letters to Mr. Guess if left solely to the testimony of Miss Jacoby. It is apparent from the foregoing letters that the appellants do not have to rely upon the legal presumption of the delivery of the letters. It is argued that Mr. Guess merely answered by his letter, written from the Adolphus Hotel, Dallas, Texas, on August 28, the letter of August 2, admittedly received by him, not the request for an answer as shown upon its face to the letter dated July 27. The letter he admits he received did not demand an answer. It merely called his attention to the fact that the message intended to reach him was the letter written July 27, and had been forwarded and a reply was re-

quested to it. The contents of Mr. Guess's letter, dated August 28, must be regarded, as an answer to the letter in which Miss Jacoby and von Weise were asking that he make settlement of the two notes, because the contents of his letter are in regard to his indebtedness, concerning which no mention was made in Miss Jacoby's letter of August 2. Unless we attribute to Mr. Guess the enviable powers of a clairvoyant, we must regard his letter as a response to the letter of July 27, written by Miss Jacoby and that the notes, or amounts mentioned therein, were the subject matters about which Mr. Guess was writing. He did not deny his indebtedness; really, he conceded it. He offered to pay $500 October 10th and follow it up with $100 until paid or "as long as I live." He then says "I realize this is a very sorry offer."

It is foolish to think that he made an offer concerning the letter above quoted, dated August 2. As soon as this letter was received Miss Jacoby again wrote Mr. Guess expressing her appreciation of his interest and she hoped he would be able to live up to his expectations and promise, advising him of the acceptance of the arrangement proposed by him as to payment and to the effect that the court would not compel action if he would make payment as promised.

Mr. Guess was present at the time of this trial. He did not take the stand or testify, and certainly in a case of this kind it may be urged the presumption is that had he testified his statements would have been against his interest. *Felton* v. *Leigh*, 48 Ark. 498, 3 S. W. 638; *Fordyce* v. *McCants*, 55 Ark. 384, 18 S. W. 371. There are many later authorities supporting this doctrine.

No argument has been offered, no explanation suggested that Mr. Guess could have done more than admit that he wrote the letter of August 28, making the offer and requesting response in regard to how the executors felt concerning his proposition of settlement. It is only argued that the proof is wholly unsatisfactory to show the receipt by him of the letter dated July 27, 1935. This correspondence, letters identifying the notes, constitute all the substantial testimony in this record. There is no

evidence that the letter of July 27 was not received. In addition to the presumption which we think obtains here, that the letter was written and properly posted, there is in effect an acknowledgment of the receipt of the letter, so the only substantial evidence is that the correspondence properly identifies the two notes sued on; that there is a sufficient and definite identification of the indebtedness acknowledged by Mr. Guess. There is his promise to pay and the promise is sufficient under the following authorities. 37 C. J., p. 1120, § 601; *Brown* v. *State Bank,* 10 Ark. 134; *Taylor* v. *Cheairs,* 181 Ark. 4, 24 S. W. 2d 852. The rule announced by one of the first and one of the last cases is the same in each. 37 C. J. 1101.

All the letters when read together identified the indebtedness and acknowledged it.

This being the only substantial evidence the court erred in not entering a judgment for the plaintiffs. The judgment of the trial court is, therefore, reversed and judgment entered here for the two notes and accrued interest.