**UNITED STATES of America,**
Libelant,

v.

**ONE 1956 DODGE CORONET 2–DOOR SEDAN, MOTOR NO. D500–3866, and One 1956 Ford 4-Door Sedan, Motor No. M6MT–159669, Mrs. Charlene Fuqua, Richard Head, and Mrs. Alma Rushing, Claimants.**

No. 684.

United States District Court
W. D. Arkansas,
Hot Springs Division.

May 6, 1957.

---

**504**

Charles W. Atkinson, U. S. Atty., Fort Smith, Ark., Henry M. Britt, Asst. U. S. Atty., Fort Smith, Ark., for libelant.

Joe W. McCoy, Malvern, Ark., Colin L. Stockdale, Jackson, Miss., for claimants.

JOHN E. MILLER, District Judge.

### Statement

This case was tried to the Court without a jury on April 30, 1957, and at the conclusion of the trial the Court took the case under advisement. And now the Court, having considered the pleadings, the evidence introduced at the trial, and the memorandum brief of claimants, makes and files herein its Findings of Fact and Conclusions of Law, separately stated.

### Findings of Fact

1.

This is a libel action brought by the United States against two automobiles which were seized in the Western District of Arkansas for alleged violation of the internal revenue laws of the United States. The claimants are Richard Head, Mrs. Alma Rushing, and Mrs. Charlene Fuqua, who are each citizens of Mississippi.

2.

About 1:00 a. m. on the morning of September 5, 1956, Captain L. D. Paul, Jr., of the Malvern, Arkansas, Police Department, and Worthey E. Brooks, another Malvern policeman, were in their police vehicle in the City of Malvern, Arkansas. They had received a radio call from the police department in Sheridan, Arkansas, asking them to check a 1956 green and white Ford and a 1956 red and white Dodge which had passed through Sheridan on the way to Malvern.

The Malvern officers stopped the 1956 Ford, and upon investigation found that it was carrying a large load of whisky, said whisky being of assorted brands and having federal tax stamps but no state stamps. The driver of the Ford was Mrs. Charlene Fuqua, one of the claimants herein. Mrs. Fuqua was arrested on charges of violating the law of Arkansas by possessing an illegal amount of whisky in a dry territory.

While she was under arrest and before being taken to jail, she offered Officer Brooks $1,500 to release her.

About ten minutes after the Ford was stopped, the 1956 red and white Dodge entered the City of Malvern, Arkansas. The two policemen, Paul and Brooks, attempted to stop the Dodge but were unable to do so. A chase followed and subsequently the Dodge was discovered on the highway where it had been wrecked. Apparently the rear wheels had been run off the car. A search was made for the driver of the Dodge but the driver could not be located. The Dodge also was loaded with assorted whisky which had federal stamps but no state stamps.

The Dodge had a Mississippi license, No. 380874. The records of the Motor Vehicle Comptroller of the State of Mississippi indicate that said license was issued to Charles S. Stewart, Jackson, Mississippi, for a 1947 Ford coupe.

The 1956 Ford had a Maryland license, No. DD4074. The records of the Department of Motor Vehicles of the State of Maryland indicate that said license was issued to Robert Lee Robison, Sudlersville, Maryland, on a 1947 Chevrolet.

There was also a Mississippi license, No. 389687, inside the Ford car. The records of the Motor Vehicle Comptroller of the State of Mississippi indicate that said license was issued to Richard Head, one of the claimants herein on a 1956 Ford sedan.

**3.**

Each of the cars involved herein, the 1956 Ford and the 1956 Dodge, had more than five wine gallons of whisky therein at the time it was seized.

**4.**

Although there was no direct evidence on this point, the circumstantial evidence establishes without question that the driver of the Dodge was George Fuqua, the husband of the claimant, Charlene Fuqua.

**5.**

While Charlene Fuqua was being held in jail in Malvern, she made several statements to the officers to the effect that the whisky was being taken to Malvern, Arkansas. She also said that she had been there several times and that people in Malvern liked to drink.

**6.**

George Fuqua, Charlene Fuqua, and Richard Head each have now, and have had for some time, a reputation in Mississippi for violating both state and federal laws relating to liquor. This reputation exists among both local and federal officers in the area of Jackson, Mississippi, McCombs, Mississippi, and the surrounding area. If inquiry had been made, these officers would have informed the person making inquiry that George Fuqua, Charlene Fuqua, and Richard Head had such reputations. There was no evidence that these persons had such a reputation among people in general.

**7.**

Neither George Fuqua nor Charlene Fuqua had retail or wholesale liquor dealer tax stamps during the year 1956 in any state.

**8.**

The claimant, Mrs. Alma Rushing, is the mother of George Fuqua and the mother-in-law of Charlene Fuqua. The 1956 Dodge in question was purchased by Mrs. Charlene Fuqua from the Bickham Motor Company, McCombs, Mississippi, on May 8, 1956. The total purchase price was $3,461. The bill of sale indicates that $2,486 was allowed on a trade-in and $975 was paid in cash. On May 17, 1956, Charlene Fuqua executed a note to Mrs. Alma Rushing in the sum of $2,500, said note being secured by a deed of trust executed on the same date, upon the 1956 Dodge. The note and deed of trust were issued without consideration, and the claimant, Alma Rushing, has no valid interest in the Dodge.

From time to time George Fuqua and Charlene Fuqua have lived in the home of Mrs. Alma Rushing, and she had reason to believe that the Dodge might be used to violate the internal revenue laws of the United States relating to liquor. Mrs. Rushing made no inquiry of local or federal officers concerning the reputation or record of George Fuqua or Charlene Fuqua for violating laws relating to liquor.

**9.**

The claimant, Richard Head, owned the 1956 Ford involved herein. He had known George Fuqua and Charlene Fuqua for several years and had reason to believe that they would use the 1956 Ford to violate the internal revenue laws of the United States relating to liquor.

**10.**

George Fuqua and Charlene Fuqua were doing business as wholesale liquor dealers in the State of Arkansas without having the wholesale liquor dealer's tax stamp.

**11.**

The State of Mississippi is a dry state and the County of Hot Springs, Arkansas, is a dry county. The City of Malvern, Arkansas, is located in Hot Spring County.

Discussion

The United States contends that the two automobiles are subject to forfeiture since they were used in violating the internal revenue laws of the United States. The claimants contend that the automobiles were not so used, and that in any event claimants are innocent parties who are entitled to remission or mitigation of the forfeitures.

More specifically, the first contention of the United States is that the vehicles were being used to transport intoxicating liquor into the dry State of Oklahoma in violation of 18 U.S.C.A. § 1262. With regard to this contention, the Court is of the opinion that the evidence introduced by the Government falls short of proving that the liquor was being transported to the State of Oklahoma.

The Government's second contention is that the vehicles were being used by persons engaging in business as wholesale dealers in liquors within the meaning of 26 U.S.C.A. § 5112, and who had not paid the special tax required by 26 U.S.C.A. § 5111. The Government further contends that the persons driving the vehicles were violating 26 U.S.C.A. § 5691, and that under the provisions of 26 U.S. C.A. § 7302, the vehicles are subject to forfeiture. These contentions of the Government are well founded.

The claimant, Charlene Fuqua, was driving the 1956 Ford, and the circumstantial evidence points conclusively to the fact that her husband, George Fuqua, was driving the 1956 Dodge. These vehicles were carrying in excess of five wine gallons of whisky each, and the Court is convinced that Mr. and Mrs. Fuqua were engaging in the business of wholesale liquor dealers in the State of Arkansas without having paid the special tax required by 26 U.S.C.A. § 5111.

It follows that the two vehicles are subject to forfeiture under 26 U.S.C.A. § 7302, supra.

The next question is whether the claimants are entitled to remission or mitigation of the forfeitures under the provisions of 18 U.S.C.A. § 3617. To merit such remission or mitigation a claimant must prove (1) that he has an interest in the vehicle which he acquired in good faith, and (2) that he had no knowledge or reason to believe that it would be used in the violation of laws of the United States or of any state relating to liquor.

With regard to the claimant, Charlene Fuqua, it is clear that she not only had knowledge of the fact that the Dodge was being used to violate the laws of the United States relating to liquor, but also that she was personally engaged in such activity, and therefore her claim for remission or mitigation is wholly without merit.

Nor is the claimant Alma Rushing entitled to remission or mitigation of the forfeiture of the 1956 Dodge. In the first place, the Court is of the opinion that she has no genuine interest in the Dodge. It is true that she has a deed of trust or chattel mortgage covering the Dodge and securing a purported note in the sum of $2,500. But the Court is convinced that this document was without consideration. In answers to interrogatories Mrs. Rushing stated that she had no canceled checks or bank statements to indicate payment of $2,500 to her daughter-in-law, Charlene Fuqua.

The claimant, Charlene Fuqua, in answering an interrogatory stated that the 1956 Dodge "was partly paid for with money borrowed from Mrs. Alma Rushing". This statement of Mrs. Fuqua, however, does not coincide with the documents relied upon by claimants. As stated in Finding of Fact No. 8, the bill of sale indicates that the Dodge was purchased May 8, 1956, and only $975 was paid in cash, the remainder of the purchase price being allowed on the trade-in. The note and deed of trust were not executed until May 17, 1956, and the note was purportedly in the sum of $2,500, which was far in excess of the amount of cash paid in purchasing the Dodge. Neither Charlene Fuqua nor Alma Rushing testified at the trial. In view of these unexplained circumstances the Court is of the opinion that the claimant, Alma Rushing, has failed to prove that she has an interest in the Dodge.

Even if she had an interest, she would be in no better position because the Court is further convinced that she knew the Dodge would be used to violate the federal and state laws relating to liquor. In addition, Charlene Fuqua had a reputation with federal and local law enforcement officers for violating the laws relating to liquor, and Mrs. Rushing made no inquiry of such officers concerning the

reputation or record of Mrs. Fuqua in this regard. 18 U.S.C.A. § 3617(b) (3).

Therefore, Mrs. Rushing is not entitled to remission or mitigation under the provisions of 18 U.S.C.A. § 3617.

The claimant, Richard Head, was the owner of the 1956 Ford and was only required to prove "that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor". 18 U.S.C.A. § 3617(b) (2). The said claimant has failed to make the necessary proof. As stated in Finding of Fact No. 9, he had known George Fuqua and Charlene Fuqua for several years and had reason to believe that Charlene Fuqua would use the 1956 Ford to violate the state and federal laws relating to liquor. Thus, he is not entitled to remission or mitigation of the forfeiture of the 1956 Ford.

It should be noted that the claimants herein failed to appear at the trial to testify in behalf of their claims. In United States v. Fields, 8 Cir., 102 F.2d 535, 537, the court said:

> "The rule is that: 'The nonappearance of a litigant at the trial or his failure to testify as to facts material to his case and as to which he has especially full knowledge creates an inference that he refrained from appearing or testifying because the truth, if made to appear, would not aid his contention.'"

See also, Baker v. Eibler, 216 Ark. 213, 220, 224 S.W.2d 820; Cady v. Guess, 197 Ark. 611, 616, 124 S.W.2d 213.

Claimants make one further contention, i. e., that the search and seizure were illegal. That question was raised too late in the course of the trial, and in any event the Court is of the opinion that the officers had probable cause for searching the vehicles and making the seizures.

Conclusions of Law

1.

The Court has jurisdiction of the subject matter and the parties hereto.

2.

The two vehicles involved herein should be forfeited to the United States.

3.

The claimants, Mrs. Charlene Fuqua, Richard Head, and Mrs. Alma Rushing, are not entitled to remission or mitigation of the forfeitures.

A judgment in accordance with the above should be entered.