Interurban Railway Company *v.* Trainer.

Opinion delivered October 3, 1921.

1.   Death—parent's right to recover for child's death.—In an action by a parent for the negligent killing of a child, damages are not to be awarded as a *solatium*, but must be founded on pecuniary loss, actual or expected, and mere injury to feelings cannot be considered.

2.  DEATH—DAMAGES FOR LOSS OF CHILD.—The measure of damages to a parent for killing his child is the pecuniary value of his services during minority and the cost and expense incurred by the parent on account of the injury, less the reasonable and necessary expense of raising the child; the value to be such as is ordinary with children in like condition and station in life, without regard to the relationship between them or to the parent's feelings or the child's suffering.

3.  PARENT AND CHILD—DAMAGE BY DEATH OF CHILD.—Since parents are entitled to the services of their minor children during minority, the law presumes that a parent has incurred or suffered pecuniary loss and damage in the death of an infant of sound body and mind, even before it has arrived at an age to render services of pecuniary value, or when it is of such tender age that the value of such services cannot be estimated in money.

4.  DEATH—VALUE OF CHILD'S SERVICES.—In determining what the pecuniary value of the services of a child of tender age would have been to its parents between the time of its death and the age of maturity, the jury should consider the position in life of both parents and child, the occupation of the parents, their physical condition, their circumstances, and also the sex, age, physical and mental condition of the child.

5.  DEATH OF CHILD—EXCESSIVE DAMAGES.—Where, in an action for the negligent killing of a child eleven years old, the evidence merely showed that she was helpful, kind and obedient, and that she could do only such work as "kitchen work, sweeping, or odd things about the house," a verdict for $5,000 in favor of the parent for pecuniary loss in the death of the child is excessive, and will be reduced to $2,500.

6.  DEATH—PECUNIARY CONTRIBUTIONS TO PARENT.—Where a child was too young to earn anything, a recovery by the parent of pecuniary contributions beyond the child's minority cannot be considered.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; modified and affirmed.

*P. R. Andrews,* for appellant.

The award of $5,000 to the plaintiff as compensation for the loss of services of the deceased during her minority is manifestly excessive; it is wholly out of proportion to the amount which should have been awarded him under the proof, and can be accounted for only on the ground of prejudice or palpable mistake. 33 Ark. 361, 363; 39 *Id.* 516.

*Fink & Dinning* and *J. G. Burke,* for appellee.

The jury were the judges of the amount and value of the child's services, and, in the absence of an affirmative showing that their verdict was the result of passion and prejudice, it should be sustained. 47 N. Y. 317; 75 Ill. 469. Cases of this character must be tried each upon its own merits and the particular state of facts affecting that case. The facts in the Barker case, relied on by appellant, are easily differentiated from the facts in this. See 55 Ark. 462, 467; 145 *Id.* 602; 48 So. 85; 95 Ill. 510; 106 Ill. App. 164; 139 *Id.* 160; 190 *Id.* 84; 140 Ky. 579; 181 Pac. 223; 205 Ill. App. 606; 80 So. 790; 207 S. W. 121; 217 *Id.* 950.

WOOD, J. On the 22d of May, 1920, Aline Trainer, a girl eleven years of age, was killed by one of appellant's cars. The jury returned a verdict in favor of the appellee in the sum of $2,000 for the benefit of the estate, and in the sum of $5,000 for the benefit of the appellee, the father of the child.

The liability of the appellant for damages on account of the death of the child is conceded, and the only question for our decision is whether or not the verdict and judgment for $5,000 in favor of the appellee, and for his benefit as father, were excessive. The little girl was a healthy, vigorous child. At the time she was injured she was on an errand for her mother. Her father testified that she was "very helpful, kind, and obedient about the house." He was asked to tell the jury how she would help about the house, and said: "Well, naturally, a child of that age couldn't do only such as kitchen work, such as sweeping, or odd things about the house, but she was always ready to aid her mother; in fact, she was that way in the whole neighborhood. She was exceptional, I think, in manners and behavior at home and to the teachers."

The case of *Little Rock & Ft. Smith Ry. Co.* v. *Barker,* 33 Ark. 350, is the leading case in this State upon the question under consideration. In that case the

mother, who was a poor widow and kept a boarding house for a living, sought to recover damages against the railway company for the killing of her only child, who was five years old at the time he was killed. He was an intelligent, healthy, and promising lad. Judgment was rendered in her favor in the sum of $4,500. In that case, Chief Justice ENGLISH, in speaking for the court, among other things, said: "The damages are not to be given as a *solatium*, but must be founded on pecuniary loss, actual or expected; and mere injury to feelings can not be considered. * * * Nor does our statute limit the amount of the recovery, as the statutes of some of the States do, but juries are not warranted in finding verdicts for sums disproportionate to, or in excess of, the probable pecuniary loss of the parent, occasioned by the death of a child. Reasonable damages only, in view of all of the circumstances in evidence, should be awarded." In concluding the discussion on the issue as to whether the judgment was excessive, the court said: "We are satisfied that if the facts of the case were submitted to one hundred impartial men, of sound, discriminating judgment, of experience and observation in the raising of children, properly instructed in the law as to the measure of damages, ninety-nine, if not all of them, would say that the damages awarded in this case for loss of probable service were excessive, and such is our judgment."

The judgment in that case was reversed because it was excessive, and the cause was remanded for a new trial. On the second trial the jury awarded damages in the sum of $3,500. From this sum the plaintiffs (appellees) voluntarily remitted the sum of $1,235, and the trial court allowed the verdict to stand for $2,265, and entered judgment for that sum, and this court affirmed the judgment, stating: "It is not probable that another jury would give a less amount. There must be an end to litigation in the case."

In the course of the opinion on the last appeal, Judge ENGLISH said: "So, where the death of a person earning or capable of earning wages or doing service is the subject of the action, what he was earning or capable of earning at the time of his death may be proved by witnesses, as the basis of forming a judgment of probable future earnings. But where the death of a child, incapable of earning anything, or rendering service of any value, at the time of its death, as in this case, is the subject of the action, the value of the probable future services to its parent during its minority must in the nature of things be matter of conjecture. * * * The amount of damages to be recovered is not limited by the statute, and could not be under the constitutional provision above cited. But a jury is not left without restraint in the matter of assessing damages for death of a minor, or in any other case. If the damages assessed are so enormous as to shock the sense of justice, and to indicate that the verdict is the result of passion or prejudice, the trial judge may set aside, and, if he refuse, this court, on appeal or writ of error, may do so." *Little Rock & Fort Smith Ry. Co.* v. *Barker,* 39 Ark. 491.

In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Freeman,* 36 Ark. 41, we held (quoting syllabus) that "the measure of damages to a parent for killing his child is the pecuniary value of his services during minority, and the cost and expense incurred by the parent on account of the injury, less the reasonable and necessary expense of raising it; the value to be such as is ordinary with children in like condition and station in life, without regard to the relationship between them, or to the parent's feelings or the child's suffering."

In this case it was not essential to recovery that the value of the services of the child to its parents be shown by any affirmative evidence, for, as was said by this court in *Little Rock & F. S. R. Co.* v. *Barker, supra:* "Where damages are claimed for the death of a child incapable of earning anything, or rendering service of any value,

the value if its probable future services to the parent during its minority, is a matter of conjecture, and may be determined by the jury without the testimony of witnesses.'' See also *Hines* v. *Johnson,* 145 Ark. 602.

Since parents are entitled to the services of their minor children during their minority, the law presumes that a parent has incurred or suffered pecuniary loss and damage in the death of an infant of sound body and mind, even 'before it has arrived at the age to actually render services of a pecuniary value, or when it is still of such tender age that the value of such services can not be estimated in money. Because it accords with the general observation and experience of mankind in civilized society that such children, 'before they reach their majority, are capable of rendering, and do generally render, to their parents services that have a pecuniary value. In determining what the pecuniary value of the services of a child of tender age would be to its parents between the time of its death and the age of maturity, the jury should take into consideration the position in life of both parents and child, the occupation of the parents, their physical condition, their circumstances, and also the sex, age, physical and mental condition of the child. While the law is liberal in allowing the jurors to voice their own opinions and conclusions as to the pecuniary value of the services without any specific proof or opinion of such value by affirmative evidence, yet such conclusion as reflected by their verdict must be predicated upon the facts and circumstances as above detailed and accord with what reasonable men in viewing such facts and circumstances would decide. *Chicago* v. *Choate,* 75 Ill. 490.

Learned counsel for appellants have cited cases where verdicts in sums greater than in the present case have been upheld. We have examined these cases, and find that several of them are differentiated by the facts from the case at bar, while in some of them the facts are similar. But whatever may be the rule in other juris-

dictions, it occurs to us that under the interpretation given the statute (1074-5, C. & M. Digest) by our own court in *Little Rock & F. S. R. Co.* v. *Barker,* and *St. Louis, I. M. & S. R. Co.* v. *Freeman,* and *Ry. Co.* v. *Davis,* 55 Ark. 462, and the rule declared in those cases for measuring damages, the verdict and judgment based thereon in this case must be pronounced excessive. The jury awarded a sum equivalent to $714.28 per year, $59.52 per month, or $1.98 per day during the entire seven years of her minority, making no deduction for the expenses that her parents would have to incur for boarding, clothing, education, loss of time, and expense of probable illness. In other words, the jury assumed that the child would be of this pecuniary value to her father every day, every month, and every year.

In the meagre testimony in this record it appears that the little girl could do only such as "kitchen work, sweeping, or odd things about the house." She had not reached the age where she had shown herself "able and willing to make her own living and to contribute out of her earnings to the support of her parents." Therefore, a recovery for probable future pecuniary contributions to them beyond her minority could not be taken into consideration. In the cases of *Ry. Co.* v. *Davis, supra, Memphis, D. & G. Rd. Co.* v. *Buckley,* 99 Ark. 422, and *St. L., I. M. & S. Ry. Co.* v. *Jacks,* 105 Ark. 347, we held that the jury, in assessing damages to the father for the death of his minor son, may take into consideration the parent's expectation of pecuniary benefit from the life of the child beyond minority. The reason for this holding is bottomed expressly upon testimony in each of the cases showing that the minor was able and willing to make his own living, and "to contribute out of his earnings to the support of his parents." In the last two cases the minors were contributing all their earnings— quite substantial sums—to their parents, and expected to continue to support them as long as they lived. But there is no testimony in this record to warrant an infer-

ence that there would be any pecuniary benefit to the parents of this child beyond her minority, and the rule as announced in *Little Rock & F. S. R. Co.* v. *Barker,* and *St. Louis, I. M. & S. R. Co.* v. *Freeman, supra,* must govern. The little girl was bright and "exceptional in manners and behavior," and her injuries were horrible. The resultant conscious suffering for the few hours she lived was terrible in the extreme. For this, as stated, her estate recovered the sum of $2,000. We realize that it is most difficult for jurors and judges, in rendering verdicts and judgments in such cases, to shut out all considerations of sympathy for the natural affection and consequent mental anguish of parents. But it must be remembered that at the common law the death of a human being was not the subject of civil action, and that, under our statute as it has been construed by this court, there can be no recovery as a "solatium," and that mental anguish can not be considered. Therefore, jurors and judges must abjure these but natural and laudable impulses and set their faces like flint toward the Constitution and laws which they are sworn to administer that they may resist and overcome the natural feelings of sympathy and humanity in every normal breast toward the distressed and sorrowing. Otherwise, they can not give to every litigant defendant in such cases that which is due him under the law, justice.

Now, we can find no basis in reason to sustain the judgment of $5,000 as a compensation to the appellee for the strictly pecuniary loss to him in the death of his child. In the ordinary course of the domestic relation between father and daughter, it occurs to us that the sum of $2,500 would be the very highest amount that could be recovered for his pecuniary loss under any reasonable view of the evidence most favorable to him. This sum would meet every probable or possible contingency that could arise in the usual course of family affairs by which the services of this child would have been enhanced to her parents during the period of her minority. Of

course, the jury can not be allowed to speculate on the value of services that in the ordinary course of the family relation and environment it would be improbable or impossible for the minor to ever render.

The judgment therefore will be modified by deducting therefrom the sum of $2,500. As thus modified, it is affirmed.