Missouri Pacific Railroad Company v. Boyce.

Opinion delivered Morch 30, 1925.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE OF BAILEE.—Where a truck struck by a train had been loaned to the driver for use for his own pleasure, the driver's negligence could not be imputed to the owner nor be interposed as a defense, as the negligence of a bailee is not imputable to the bailor where the subject of the bailment is damaged by a third person.

Appeal from Faulkner Circuit Court; *George W. Clark,* Judge; affirmed.

*Thomas B. Pryor* and *Vincent M. Miles,* for appellant.

*J. C. & Wm. J. Clark,* for appellee.

HUMPHREYS, J. This suit was brought in the circuit court of Faulkner County by appellee against appellant to recover the sum of $621 for damaging his truck through the alleged negligent operation of its train in backing same along its track across North Street in Conway, without sounding the whistle or ringing the bell as a warning against its approach.

Appellant filed an answer denying any negligence on its part, and, by way of further defense, pleading contributory negligence on the part of the driver.

The cause was submitted to the jury upon the pleadings, testimony and instructions of the court, which resulted in a verdict and judgment against appellant for $400, from which is this appeal.

The only question presented by the appeal for determination is whether the court erred in refusing to submit to the jury the issue of whether or not the driver of the truck was guilty of contributory negligence. The requested instruction bearing upon that issue is as follows: "You are instructed that it is the duty of any one, in attempting to cross a railway track, to look and listen to see if a train is approaching, to the end that a collision may be avoided."

The facts are that appellee, who was in the plumbing business, and the owner of the truck, frequently loaned

his car to his helper, Shelton Duffy, to be used by him for his own pleasure. On the night the train collided with and injured the truck, Shelton Duffy, with three of his companions, was returning in it from a dance where they had gone for their personal pleasure.

Appellant introduced testimony tending to disprove any negligence in the operation of its train and to show that the collision was due to the negligence of Shelton Duffy in approaching and crossing the track.

Appellee introduced testimony tending to show that the collision resulted from a failure of appellant to ring the bell or sound the whistle as the train approached the street crossing.

The trial court took the view that, if Shelton Duffy was guilty of contributory negligence, such negligence could not be imputed to appellee, and therefore could not be interposed as a defense to his alleged cause of action. The rule of law adopted by the court is in accord with the modern doctrine of bailments to the effect that the negligence of the bailee is not imputable to the bailor where the subject of the bailment is damaged by a third party. 6 C. J., page 1168; 3 R. C. L., p. 146; *Gibson* v. *Bessemer & L. E. R. Co.*, 226 Pa., 198; 27 L. R. A. (N. S.) 689; *Currie* v. *Consolidated Ry. Co.*, 81 Conn. 383; *Norton* v. *Hines,* 211 Mo. App. 438, *Spelman* v. *Delano,* 177 Mo. App. 28; *Campbell* v. *Chicago, B. & O. R. Co.,* 211; Mo. App. 331; *Lloyd* v. *Northern Pacific Ry. Co.,* 181 Pac. 29; *Cain* v. *Wickens,* 122 Atl. 800; Huddy on Automobiles (6th ed.) p. 824..

No error appearing, the judgment is affirmed.