FEATHERSTON v. JACKSON.

Opinion delivered March 2, 1931.

374

John J. DuLaney, W. F. Reagan, Alfred Featherston and O. A. Featherston, for appellant.

Tom Kidd, for appellee.

McHaney, J. Appellee sued appellant for damages done to his automobile in a collision between the two cars caused, as alleged, by the negligence of appellant. Appellee's son, Harold Jackson, a minor seventeen years of age, in company with three friends, was driving east on highway 26 to go fox hunting, in his father's car, without the knowledge or consent of his father, but with the general permission of and without objection from his father. Appellant was driving west on said highway. Both cars were traveling at about the same rate of speed. They collided, as appellee contends, because appellant was traveling on the wrong side of the road, failed to turn to the right as they approached each other and failed to keep a lookout, while appellant contends that the reverse is true. He filed a cross-complaint against appellee seeking to recover the damage done to his car. A jury trial resulted in a verdict and judgment for appellee in the sum of $50.

Appellant first says the evidence is insufficient to support the verdict. We cannot agree with him in this regard, as the evidence is in dispute as to what position on the road appellant had taken and whether he was negligent. Appellee's witnesses testified that appellant was running in the middle tracks in the road, with his left wheels in the rut occupied by the left wheel of appellee's car, which was on the right side going east. Witnesses who examined the tracks made by the cars shortly after the accident testified that appellant's car was on the wrong side, or too far to the left of the middle. Appellant testified that he was on the right side and that appellee's car had only one headlight, was on the wrong side and struck him. This made a disputed question of

fact for the jury, and we cannot say there is no substantial evidence to support it.

On the trial a rough sketch, or map, showing the tracks or ruts in the highway was used by appellee in examining his witnesses. Appellant objected to the use of said map. It was not introduced in evidence, but the day after the trial was over, he filed a motion to require appellee to file the map. This came too late, and the court correctly denied the motion.

Error is urged in the giving and refusing to give certain instructions. We find it necessary to discuss only one of them. Instruction No. 3, given at appellee's request, over appellant's objections, is as follows: "You are instructed that the negligence of Harold Jackson in operating the car, if any, will not bar a recovery against the defendant, O. A. Featherston, provided that you find that O. A. Featherston was guilty of negligence in the operation of his car." Appellant asked instructions in varying forms to the converse of the above instruction, which the court refused to give. Is the above instruction correct? We think it is. In this State we have no "family purpose" doctrine in its broadest sense. *Norton* v. *Hall*, 149 Ark. 428, 232 S. W. 934, 19 A. L. R. 384; *Valentine* v. *Wyatt*, 164 Ark. 172, 261 S. W. 308; *Johnson* v. *Newman*, 168 Ark. 836, 271 S. W. 705. In order for the father to be liable for the negligence of his son in driving his automobile, the relation of principal and agent, or master and servant must exist. No such relationship existed in this case. The son was neither the agent nor servant of his father on this fox hunting trip, and he must therefore have been a gratuitous bailee of the car. He was in the same position as any other person to whom the car had been loaned by the father, appellee, and the same rules of law must apply. The modern rule and the one supported by the weight of authority is stated in *Mo. Pac. Rd. Co.* v. *Boyce*, 168 Ark. 440, 270 S. W. 519, as follows, quoting syllabus: "Where a truck struck by a train had been loaned to the driver for use for his own

pleasure, the driver's negligence could not be imputed to the owner nor be interposed as a defense, as the negligence of a bailee is not imputable to the bailor where the subject of the bailment is damaged by a third person." See also cases cited in that case.

We have carefully examined all the instructions complained of, those given and those refused, and find that the court fully and fairly instructed the jury, perhaps more favorably to appellant than the law of the case justified. For instance, in instruction 14½, requested by appellant, the jury were told that they must find for appellant if it was an unavoidable accident, "or was caused by the concurring negligence of the drivers of both cars." This was in conflict with instruction No. 3, which, as above shown, is a correct declaration of law, and constituted an error in appellant's favor for which he cannot complain.

We find no error, and the judgment is affirmed.