Sanders *v.* Walden.

4-8379                                    207 S. W. 2d 609

Opinion delivered January 26, 1948.

*J. B. Milham* and *Gladys Wied,* for appellant.

*Kenneth C. Coffelt* and *Wm. J. Kirby,* for appellee.

Holt, J.    Appellant, Fill Sanders, sued appellee, Dan F. Walden, to recover alleged damages to his automobile, growing out of an upset. At the time of the mishap, the car was being driven by J. B. Sanders, brother of Fill Sanders. Appellant, J. K. Young, who was riding in the automobile with J. B. Sanders sued separately to recover for alleged personal injury and loss of time. The two actions were consolidated below for trial, and from a judgment on a jury's verdict in favor of appellee (defendant below) is this appeal.

Fill Sanders alleged in his complaint that he owned the automobile in question and had loaned it to his brother, J. B. Sanders, (to use), that while his brother was driving the car on the concrete highway paralleling the Rock Island Railroad in Bauxite, in a lawful manner, and in the exercise of due care for his safety, appellee, Walden, while driving an automobile on the highway and approaching him, negligently turned his automobile to his left in front of plaintiff's car "there-

by causing the said J. B. Sanders to leave the highway in order to prevent the two cars from colliding, and as a result, plaintiff's car was turned over and the body of the car wrecked," and sought damages in the amount of $600. Appellant, Young, alleged that he was riding in the car with J. B. Sanders at the time it was overturned and sought to recover for personal injuries with allegations of negligence against appellee similar to those alleged by appellant, Sanders.

Appellee answered with a general denial and pleaded contributory negligence on the part of appellants as a bar to recovery.

The evidence presented is in irreconcilable conflict and as usual in most cases of this nature, each party claims the negligence of the other as the cause of any resulting damages.

In the present case, appellants do not question the sufficiency of the evidence to support the jury's verdict, but "complain only, of the instructions as given by the court, and they think each instruction given on behalf of the defendant is erroneous and constitutes a reversible error."

Briefly, the facts disclose that at the time of the mishap appellant, J. B. Sanders, in company with J. K. Young, was driving the car in question from Vimy Ridge to Benton where he and Young were both employed. At the end of the day's work, Sanders and Young returned to their homes in the car. Young paid Sanders 25c per day for transportation. On the day of the upset, Sanders drove the automobile along the concrete highway in Bauxite and as he neared a street intersection observed appellee, Walden, approaching in another car.

Appellee Walden's version of what immediately followed was that when he was about one hundred feet from the intersection, he held out his hand, reduced the speed of his car to three or four miles an hour, opened his car door to look out for trains, and then closed the door, slowly drove into the intersection, again put out his hand, and turned his car to the left, intending to leave

the highway onto the intersecting street. When he first saw appellant's car, it came from under the viaduct and was about one hundred feet away when he proceeded onto the intersection. "I thought Sanders was going the same way I was and I didn't want to make a side swipe, I slowed down, he cut right straight ahead of me, he came by like a bullet." His car hit the rails, spun around, and turned over. The cars did not touch each other.

Over appellant's objections, the court gave, among others, appellee's instruction No. 4, as follows: "You are instructed that the plaintiff, Sanders, cannot recover for any damages alleged to be done his automobile in the accident in question in this case, if you find from a preponderance of the evidence that the driver of his car was negligent in any degree."

The court, in the circumstances here, erred in giving this instruction and the cause must be reversed for this reason.

It is undisputed that the owner of the damaged automobile in question had loaned the car to his brother, J. B. Sanders, who thus became his bailee and the negligence of the bailee could not be imputed to the bailor under the previous holdings of this court.

In *Missouri Pacific Railroad Company* v. *Boyce,* 168 Ark. 440, 270 S. W. 519, we held (quoting headnote): "Where a truck struck by a train had been loaned to the driver for use for his own pleasure, the driver's negligence could not be imputed to the owner nor be interposed as a defense, as the negligence of a bailee is not imputable to the bailor where the subject of the bailment is damaged by a third person."

This holding was reaffirmed in the more recent case of *Featherston* v. *Jackson,* 183 Ark. 373, 36 S. W. 2d 405.

The other instructions complained of by appellants, we think it unnecessary to discuss.

In view of a new trial, we point out that whether appellant, Young, and the driver of appellant's car were on a joint mission at the time, should, in the circum-

stances, have been submitted to the jury. *Crown Coach Company, Inc.*, v. *Palmer,* 193 Ark. 739, 102 S. W. 2d 853.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.