REDDELL *v.* NORTON.

5-781                                                     285 S. W. 2d 328

Opinion delivered December 5, 1955.

[Rehearing denied January 23, 1956.]

644

*Moore & Villines* and *Fitton & Adams,* for appellant.

*A. B. Arbaugh* and *Willis & Walker,* for appellee.

Ed. F. McFaddin, Associate Justice. This case stems from a most unfortunate traffic mishap in which two young men were killed and a third was seriously injured.

On the night of May 1, 1954, Joe Holt, Paul Norton and Cecil Smith attended the picture show in Jasper and started home on the Mt. Judea gravel road in a 1½-ton truck, driven by Joe Holt and owned by Otis Holt, his father. On the same night appellant, Walter Reddell, and his sister attended the picture show in Jasper and started home on the Mt. Judea gravel road in a ½-ton pick-up truck driven by Walter Reddell. When several miles from Jasper the Holt truck was overtaken and passed by the Reddell truck and the occupants of the two

trucks recognized each other. Then, in less than a mile, the Holt truck attempted to pass the Reddell truck; and in so doing the Holt truck went off the road at a curve: the three occupants were thrown out; Paul Norton and Cecil Smith were both killed; Joe Holt was injured; and the Holt truck was demolished. The Reddell truck remained on the road and later returned to the scene of the catastrophe where Walter Reddell attempted to assist in rendering aid.

This action was filed against Walter Reddell [1] by (a) the parents of Paul Norton for damages for the death of their son; (b) the parents of Cecil Smith for damages for the death of their son; (c) Joe Holt [2] for his own personal injuries; and (d) Otis Holt for damages to his truck. The plaintiffs (Norton, *et al*) alleged that the negligence of Walter Reddell caused the plaintiffs' damages. The defendant, Walter Reddell, denied liability, alleged the driver of the Holt truck was negligent and claimed that such negligence was legally imputable to the other occupants of the Holt truck and to the owner thereof. The case was tried to a Jury which rendered these verdicts: (a) $3,700.00 to the parents of Paul Norton; (b) $3,700.00 to the parents of Cecil Smith; (c) $500.00 to Otis Holt for damages to his truck; and (d) no damages to Joe Holt for his personal injuries. From a judgment on the verdicts Walter Reddell brings this appeal; and Joe Holt has cross-appealed.

I. *Sufficiency of the Evidence.* This assignment, made by Walter Reddell, necessitates a brief review of other salient testimony in addition to the facts already recited. Joe Holt testified: that he and Paul Norton went to Jasper in Otis Holt's truck; that after the picture show they were joined by Cecil Smith; that the three boys started home on the Mt. Judea gravel road; that when they were about 2½ miles from Jasper they were

---

[1] Walter Reddell is a minor, and has been duly represented by a *guardian ad litem* at all stages of the proceedings. George Reddell, father of Walter Reddell, was also sued on the theory that the son was the agent of the father; but evidence failed to establish any liability against George Reddell and the Court instructed a verdict in his favor, and that issue has passed out of the case.

[2] Joe Holt is a minor and has at all times appeared by his father as his next friend.

passed by the Reddell truck; that about ¾ths of a mile farther down the road the Holt truck attempted to pass the Reddell truck; that Holt blinked his lights as a proper passing signal; that Reddell moved over to the extreme right in response to the signal; that the gravel road was wide enough at that point for the Holt truck to pass on the left; that as the Holt truck was alongside the Reddell truck, Reddell speeded up to about 40 miles per hour (same speed as the Holt truck); that the two trucks ran alongside for about 300 yards; that as the two trucks reached a curve where the roadway was somewhat narrower the Reddell truck bumped the Holt truck; that such bump caused the Holt truck to leave the road, go into a ditch and into the field with the casualty to the occupants; that the entire mishap was caused by Reddell's actions and not by a blowout on the Holt truck; and that the blue paint of the Reddell truck was visible several days later on the Holt truck.

The effect of Joe Holt's testimony was, that he was all the time driving with due care and in a lawful manner and attempted to pass the Reddell truck only after the blinking of the lights by Holt and the moving over by Reddell, and that Reddell then speeded up and caused the catastrophe by hitting the Holt truck and forcing it from the highway. There is no need for us to recite all the testimony: there were contradictions as to speed, evidence as to racing, and evidence as to a tire blowout being the cause of the Holt truck leaving the highway. All these matters were questions for the Jury. The case was submitted on instructions covering highway rules and regulations as to driving and passing, negligence, contributory negligence, imputed negligence and duty of guests to protest against unsafe driving. No complaint is here made as to any of the instructions.

As to the parents of Paul Norton and Cecil Smith, the Jury could have found from the evidence that these boys were guests and were in no way negligent, nor liable for any negligence of Joe Holt. The negligence of a driver cannot be imputed to the guests unless the guests failed to use ordinary care for their own safety. *Mo. Pac.*

*R. Co.* v. *Johnson,* 204 Ark. 604, 164 S. W. 2d 425; *Crossett Lbr. Co.* v. *Cater,* 201 Ark. 432, 144 S. W. 2d 1074; *Mo. Pac. R. Co.* v. *Henderson,* 194 Ark. 884, 110 S. W. 2d 516. As to Otis Holt, the evidence was sufficient to support the Jury's conclusion that he was a bailor and that his son, Joe Holt, was bailee of the truck. We have repeatedly held that the negligence of the bailee is not imputable to the bailor when the subject of the bailment is damaged by a third party. *Mo. Pac. R. Co.* v. *Boyce,* 168 Ark. 440, 270 S. W. 519; *Featherston* v. *Jackson,* 183 Ark. 373, 36 S. W. 2d 405; and *Sanders* v. *Walden,* 212 Ark. 773, 207 S. W. 2d 609.

This rule is well established:

"In determining the sufficiency of the evidence to sustain a verdict, the Supreme Court views the evidence in the light most favorable to the appellee, and will not set aside a verdict if supported by substantial evidence."

See *Albert* v. *Morris,* 208 Ark. 808, 187 S. W. 2d 909, and cases there cited. In keeping with the foregoing rule, we reach the conclusion that the evidence is sufficient to sustain each of the verdicts against Walter Reddell.

II. *Motion for Judgment Non Obstante Veredicto.*[3] Walter Reddell moved for such judgment against Otis Holt claiming that the verdict refusing Joe Holt any recovery was tantamount to a finding that Joe Holt was negligent and that since Joe Holt was the driver of Otis Holt's truck, Otis Holt should also be barred from recovery. The Trial Court was correct in refusing the motion because of the bailor-bailee relationship previously discussed. Joe Holt's contributory negligence would bar him from a recovery; but would not bar the owner of the Holt truck.

Walter Reddell also moved for judgment *non obstante veredicto* against the other defendants on various grounds. It was claimed, *inter alia,* that Paul Norton had urged Joe Holt to "pass him" (referring to Holt's

---

[3] In *Larimore* v. *Howell,* 211 Ark. 63, 199 S. W. 2d 320, we listed some of our cases involving motion for judgment *non obstante veredicto.*

effort to pass the Reddell truck); but there was some evidence that Paul Norton said ''pull around him,'' which could have been interpreted by the Jury as an admonition for safe driving rather than one for increased speed. At all events, the motion for judgment *non obstante veredicto* was correctly refused, because the evidence was disputed. See *Scharff Distilling Co.* v. *Dennis,* 113 Ark. 221, 168 S. W. 141.

III. *Court Ruling in Regard to Addresses to Jury.* After all the evidence and after the instructions, the attorneys made their addresses to the Jury; and the transcript contains what purports to be the content of these addresses. Mr. Arbaugh opened for the plaintiffs; Mr. Adams, Mr. Vallines and Mr. Moore spoke in that order for the defendant; and Mr. Willis closed for the plaintiff. Appellant claims that the Trial Court should have refused to allow Mr. Willis in his argument to comment on the amount of damages, since such amount was not discussed in Mr. Arbaugh's opening argument.

There are several answers to this contention. One answer is found in the Statute. Section 27-1727, Ark. Stats., in stating the order of trial, says:

''The parties may then submit or argue the case to the jury. In the argument the party having the burden of proof shall have the opening and conclusion; and if, upon the demand of his adversary, he shall refuse to open and fully state the grounds upon which he claims a verdict, he shall be refused the conclusion.''

Under the quoted language, the defendant's attorneys should have demanded that the plaintiff's attorneys make a full and complete opening statement if defendant's attorneys desired to make the subsequent claim—now urged —that new matter was injected into the closing argument. Defendant's attorneys made no such demand. See *Dickinson* v. *McBride,* 127 Ark. 555, 193 S. W. 89; and see also Annotation in 38 A. L. R. 2d 1396.

Another answer to the contention now urged is in the matter of the discretion of the Trial Court. We have

many times held that the Trial Court is clothed with considerable discretion in controlling the argument of counsel to the Jury. The case of *Mo. Pac. R. Co.* v. *Hood,* 198 Ark. 792, 131 S. W. 2d 615, reviews many of our holdings and states the general rule. See also *Jackson* v. *State,* 216 Ark. 341, 225 S. W. 2d 522, 15 A. L. R. 2d 484.

We have carefully read the transcript containing the argument here challenged, and we find no abuse of discretion to have been committed by the Trial Court. In each of the addresses of the defense counsel the Jury was urged to be strong against the anticipated address of Mr. Willis: so the defense counsel thoroughly anticipated any argument that was to come. Furthermore, after Mr. Willis discussed the damages in terms of dollars and cents, the defense never asked for an opportunity to answer him on that point. If the amount of damages was thought to be a new matter, the defense attorneys should have requested an opportunity to reply to such new argument. See 88 C. J. S. 339. In the absence of any such request, the appellant cannot claim that the Trial Court committed reversible error.

IV. *Excessiveness of the Verdicts.* Finally, the appellant, Walter Reddell, claims that each of the verdicts against him is excessive; but we find no merit in such contention. As to the $500.00 awarded for damages to the truck, there was competent evidence to sustain the verdict, because Otis Holt testified without objection that the difference between the value of the truck immediately before and immediately after the accident was $650.00.

As to the verdict of $3,700.00 to the parents of Paul Norton: the evidence showed that the parents paid the funeral expenses in the amount of $760.85; that at the time of his death Paul was 19 years of age; that he had always worked at home on the farm just as a hired hand would have worked, and was capable of earning $2,000.00 per year; that he lived with his parents and contributed all of his earning capacity to them; and that there was nothing to indicate that his contributions would not con-

tinue. As to the verdict of $3,700.00 to the parents of Cecil Smith: the evidence showed that his parents paid his funeral expenses in the amount of $718.00; that Cecil was only a few months over 18 years of age at the time of his death; that he was capable of earning $2,000.00 per year; that he lived with his parents and contributed all of his earning capacity to them; and that there was nothing to indicate that this would not continue.

Some of our cases involving the elements of recovery and amount of verdicts allowed parents for loss of a child are: *St. L. S. F. Ry.* v. *McCarn,* 212 Ark. 287, 205 S. W. 2d 704; *Mo. Pac. Ry.* v. *McKinney,* 189 Ark. 69, 71 S. W. 2d 180; *Mooney* v. *Tillery,* 185 Ark. 457, 47 S. W. 2d 1087; and *Eureka Oil Co.* v. *Mooney,* 168 Ark. 479, 271 S. W. 321. Tested by the holdings of the above cited cases, we cannot say that the verdicts are excessive in favor of the parents of Paul Norton and Cecil Smith.

V. *The Cross Appeal.* Joe Holt urges in his cross appeal that the Jury should have awarded him a verdict for his personal injuries, since there was a verdict for Otis Holt for the truck; but we find this cross appeal to be without merit. As previously mentioned, the Jury could have returned a verdict for Otis Holt for the damages to his truck and still have consistently found that Joe Holt was guilty of some degree of contributory negligence. The cause of action herein arose on May 1, 1954 and was tried on March 24, 1955. The 1955 Comparative Negligence Statute (Act No. 191 of 1955) has no application to this case since such Act did not go into effect until June 1955.

The judgment is affirmed, both on direct appeal and cross appeal.