BLYTHE v. CONEY.

5-1459 310 S. W. 2d 485

Opinion delivered March 3, 1958.

*L. A. Hardin,* for appellant.

*H. B. Stubblefield,* for appellee.

SAM ROBINSON, Associate Justice. The issue in this case is whether the erroneous assumption of the parties to a purchase contract that there was a sufficient supply of city water to a dwelling house constitutes a mutual mistake of a material fact giving the purchaser the right to rescind.

Appellants, R. W. Blythe and wife, owned some property in Pickthorne's Addition to the City of North Little Rock, Arkansas, in which they had acquired a substantial equity and on which they were making payments of $39.95 per month. Sometime in May of 1956 they, through appellee Horace Woodall, looked at a house being built by appellee Howard E. Coney in the John Barrow Addition to the City of Little Rock, Arkansas, being the street address of 3025 Elm. At this time the utilities had not been connected to the house. Subsequently a trade was entered into whereby the appellants were to trade the equity in their home in North Little Rock, estimated at $2,500.00, as a down payment on the Elm Street property, leaving a balance of $7,000.00 due to Mr. Coney, which was to be paid on an installment basis of $60.00 per month. Although an offer had been made and accepted, the contract was not actually signed until June 7, 1956. Mr. Woodall notified the appellants that they could move into the house, although it was not completely finished, and accordingly appellants moved on June 7, 1956. When they arrived in their moving van, water company employees had just connected the water meter, and Mr. Coney met appellants with the keys to the house and the contract, and demanded that they sign the contract before he delivered the keys.

Appellants say that as soon as they got the moving van unloaded they went to the hydrant to get the children a drink and there was no water; that they waited about an hour and when there was still no water, they

called Mr. Woodall, who said, "Now, Bob, don't get alarmed about that, we will take care of that. It is a brand new house and there will be a few little things not right, but we will take care of it." Appellants continued to call Mr. Woodall about the water and he continued to promise them that they (Woodall and Coney) would do something about it. In September, appellants checked with the city water department and were informed that they could not expect any change in the water supply in the near future. There is persuasive evidence that after Mr. Coney and Mr. Woodall were advised of the information obtained at the city water department, appellants were led to believe that Mr. Coney and Mr. Woodall would get them another house with a sufficient supply of water. After the parties failed to get together on a settlement, this suit was filed by appellants to set aside the contract of purchase.

Coney filed a cross-complaint asking for foreclosure of the balance due ($6,907.63) under the acceleration provisions of the purchase contract. The trial court dismissed appellants' complaint for want of equity and entered a foreclosure decree in favor of Coney. A sale was had under the decree and Coney bought the property in for $7,211.76.

On appeal appellants rely on two points: First, that the contract should have been cancelled for a material misrepresentation amounting to fraud, concerning the supply of water, and, second, that if the parties were ignorant of the character and amount of the water supply, then there was a mutual mistake which would justify the cancellation of the contract.

Appellants have the right to rescind the contract because of a mutual mistake involving the availability of sufficient water to make the house livable. Therefore it is unnecessary to determine the first point relied on by appellants; but we point out that if appellees had knowledge of the insufficiency of the water supply, appellants would have been entitled to rescind, under the circumstances, on the theory of fraud by silence. *Clauser* v. *Taylor,* 44 Cal. App. 2d 453, 112 P. 2d 661.

The overwhelming evidence shows that in the summer time during peak use of water, not only appellants, but all of the residents in the vicinity of 31st and Elm Streets, are without water from early morning until around midnight practically every day. In order to have water to wash their faces in the mornings, the appellants and others in the area must fill the bathtub the night before. The used water from the bathtub, in turn, has to be saved to flush the commode. An engineer for the city water department corroborated the testimony of the residents of the area from water pressure tests made with a recording meter. The reason for the inadequate water supply or pressure is the slight difference between the mean elevation of the area above sea level, 420 feet, as compared to the source of the water, which is only 500 feet.

A contract can be cancelled or rescinded for a mutual mistake of a material fact. *First National Bank of Wynne* v. *Coffin*, 184 Ark. 396, 42 S. W. 2d 402. In that case Coffin purchased some farm property under fence from the First National Bank of Wynne. Neither party knew that the property had been platted and subdivided with streets laid out and dedicated to the City of Wynne. It was held to be a mutual mistake of a material fact and to constitute grounds for rescission.

We think the assumption of the parties in this instance that there was a sufficient water supply to the house constituted a mutual mistake of a material fact under the circumstances, and appellants have the right to rescind the contract.

Since appellees led appellants to believe that something would be worked out to correct the mistake involved, they are not in a position to claim that the appellants are estopped to rescind the contract because they made payments after becoming aware of the true facts. *First National Bank of Wynne* v. *Coffin, supra.*

Reversed with directions to enter a decree not inconsistent herewith.