Scott LANCASTER *v.* SCHILLING MOTORS, INC.

89-16                                        772 S.W.2d 349

Supreme Court of Arkansas
Opinion delivered July 3, 1989

366

*Friday, Eldredge & Clark,* by: *James C. Baker, Jr.,* for appellant.

*Gruber Law Firm,* by: *Rita W. Gruber,* for appellee.

STEELE HAYS, Justice. In this case of misrepresentation in the sale of an automobile, the only question for review involves the sufficiency of the evidence as to the elements of reliance and damages.

On April 16, 1987, appellant, Scott Lancaster, purchased a used 1986 Lincoln Town Car from appellee, Schilling Motors. According to appellant's testimony, the salesman, Jim Norris, told appellant that the only damage to the car was body damage to the right rear fender and the entire car had been repainted so the paint would match. Appellant asked Norris if there were any other body or frame damage and Norris told him no, that the only damage was to the right rear fender. Appellant then purchased the car for $15,079.

Some five weeks later, appellant learned the car had sustained other damage to the front, rear and side and had also sustained frame damage. Schilling did not dispute it was aware of these other items of damage nor that these other damages had been repaired prior to the sale of the car to appellant. After learning of the more serious damage to the car, appellant sold the vehicle to mitigate his damages, receiving $13,500 for its sale.

Appellant then brought this action for misrepresentation against appellant. The jury found in favor of appellant and awarded him $1,500 in damages. Schilling made a motion for a judgment n.o.v. which the trial court granted finding that there was insufficient evidence of the damages and of reliance on the misrepresentation. Appellant appeals from that order, challenging both findings.

*Review of Judgment N.O.V.*

The burden of proof in a case of fraud in a case at law is by the preponderance of the evidence. *Grendell* v. *Kiehl,* 291 Ark. 228, 723 S.W.2d 830 (1987). In reviewing the granting of a judgment n.o.v., we will affirm only if we find there is no

substantial evidence to support the jury verdict. We review the evidence and any reasonable inferences deducible therefrom in the light most favorable to the party against whom the judgment n.o.v. was entered. *McQuistion* v. *City of Siloam Springs*, 268 Ark. 148, 594 S.W.2d 233 (1980). We also note while we previously recognized a broad discretion in the trial court's setting aside of a jury verdict, we changed that standard to a more stringent one favoring the jury's decision. *Clayton* v. *Wagnon*, 276 Ark. 124, 633 S.W.2d 19 (1982). Viewing the evidence in the foregoing manner, we find that the trial court erred.

## Evidence of Reliance

An essential element in a case of misrepresentation is the plaintiff's reliance on the defendant's misrepresentation. *Carter* v. *Matthews*, 288 Ark. 37, 701 S.W.2d 374 (1986). Appellant in this case testified as to the salesman's representations and further stated that he believed him and relied on his statements, and that it was important to appellant that there had not been any damage to the frame as he knew that would affect the value of the car. This was sufficient evidence of reliance by the appellant. See *Godwin* v. *Hampton*, 11 Ark. App. 205, 669 S.W.2d 12 (1984). While the salesman testified that what he told the appellant was only a general statement to the effect that there was some body damage and that he didn't know the extent of the damage, this question was one of credibility for the jury and not for the court. When the evidence is disputed, a motion for a judgment n.o.v. should be refused. *Reddell* v. *Norton*, 255 Ark. 643, 285 S.W.2d 328 (1955).

Neither could we say there was any evidence to show that the reliance on the salesman's statements was unjustified or that the situation called for investigation on the part of the appellant. A buyer of goods may justifiably rely on statements made by a vendor "not only where such investigation would be burdensome or difficult . . . but likewise where the falsity of the representation might be discovered with little effort by means easily at hand . . . It is only where, under the circumstances, the facts should be apparent to one of his knowledge and intelligence from a cursory glance, or he has discovered something which should serve as a warning that he is being deceived, that he is required to make an investigation." W. Prosser & W. Keeton,

*Prosser & Keeton on Law of Torts*, (5th Ed. 1984) § 108. Here there were no facts presented to show anything that would have served as a warning or to put appellant on notice that there was any reason for further investigation. As we stated in *Clay* v. *Brand*, 236 Ark. 236, 365 S.W.2d 256 (1963), the very representations relied on can be what cause the purchaser to forbear from making further inquiry. "[O]rdinary prudence does not require the party to test the truth of such representations where they are within the knowledge of the party making them or where they are made to induce the other party to refrain from seeking further information." *Clay* v. *Brand, supra.*

## Evidence of the Appellant's Damage

We also find the evidence sufficient to sustain the jury's award of $1,500 in damages and note that the appellee raised no objection during trial to any aspect of the appellant's proof of damages. In a case of fraudulent misrepresentation, the measure of damages is the difference between the value of the goods received and the value of the goods represented. *Ozark Kenworth Inc.* v. *Neidecker*, 283 Ark. 196, 672 S.W.2d 899 (1984). As to the value of the goods as represented, it was undisputed that appellant had paid $15,079 for the car. While we have not addressed this particular point, other jurisdictions have found such evidence as proper for proof on the value of the car as represented. 37 Am. Jur. 2d *Fraud and Deceit* § 480 (and cases cited therein). We also find that measure adequate and have found nothing in the facts of this case to suggest otherwise. Appellant testified without objection that his loss in the transaction was $1,500.

As to the proof of the actual value, an appraiser who ultimately found a buyer for the car, stated that the fair market value of the car was $13,500. There were some slightly varying figures available to the jury from other testimony, but this was a question for the jury to determine. *Reddell* v. *Norton, supra.* The appellee points out that the assessment made by the appraiser occurred two months and approximately 2,500 miles after the time of purchase, so that technically this figure was not the value of the car at the time it was sold to appellant.

We do not find this to be a sufficient basis to take the question

from the jury. Our cases have given the jury some latitude in its decision on this issue, and have not required exactness on the proof of damages. So for example in *Moore Ford Co.* v. *Smith*, 270 Ark. 340, 604 S.W.2d 943 (1980), the expert stated the value of the vehicle at the time of purchase was actually $1,000 to $1,500 less than its represented value. The jury awarded $1,250 and we found the evidence was sufficient to support the damages award.

Here, even if we were to hold that the time lapse and the additional mileage made an appreciable difference in the value of a car that was a year to eighteen months old and was sold with approximately 18,000 miles already on it, there was evidence from which the jury could make allowances for that use. There was other testimony presented which put the value of the car generally much below the $13,500 figure and testimony that some car dealers would not take the car at all because of its condition. The jury could easily have found the value of the car at a figure less than the $13,500 and after accounting for the additional time and mileage, brought that figure up to $13,500.

On the issues of both reliance and damages we find that the evidence, when viewed most favorable to the appellant, was substantial in support of the jury's verdict, and it was error to grant the judgment n.o.v. *McCuistion* v. *City of Siloam Springs, supra.*

It should be noted that appellee's first challenge to the appellant's evidence of damages came well after the verdict was rendered by a motion for a judgment n.o.v. No motion for a directed verdict on the issue of damages was made either at the close of the proof, nor at the end of the appellee's case, nor did the appellee object to the instruction to the jury on damages (AMI 2201), either of which would be fatal to any entitlement to a reversal on the grounds the verdict was not supported by substantial evidence. See ARCP Rule 50(b), and the Reporter's Notes, and ARCP Rule 51. Where evidence of damages is wholly lacking, a motion for judgment n.o.v. would be appropriate, but where, as here, evidence of damages is presented but the defendant argues that the evidence does not support the amount of the verdict, the appropriate recourse is a motion for a new trial, which was not made.

Reversed and remanded for entry of a judgment consistent with this opinion.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. Members of the Bar and trial bench should take particular notice of this case since it changes the measure of damages in deceit actions. In our recent case of *O'Neal Ford, Inc.* v. *Davie*, 299 Ark. 45, 770 S.W.2d 656 (1989), we noted our bias favoring the benefit-of-the-bargain rule when considering the amount of damages in misrepresentation cases. Damages are determined under that rule by establishing the difference between the actual value of chattel and its value had it been as represented. *Id.* In determining what the property is actually worth, the property is to be valued at the time of purchase. *Moore Ford Co.* v. *Smith*, 270 Ark. 340, 604 S.W.2d 943 (1980); *Greiner Motor Co.* v. *Sumpter*, 244 Ark. 736, 427 S.W.2d 8 (1968); *Union Motors, Inc.* v. *Phillips*, 241 Ark. 857, 410 S.W.2d 747 (1967); *see also* Brill, *Ark. Law of Damages,* § 31-6 (1984).

In the present case, the appellant offered absolutely *no* evidence regarding the value of the car at the time he purchased it from the appellee. In fact, the only value evidence presented by the appellant was what he sold it for, and that sale took place two months and 2,500 miles *after* the date he purchased the car. In this respect, the appellant called a witness, a car broker, who said that he understood "it (the car) brought $13,500.00 but I would never had paid that much for it." That witness was never asked his opinion as to the car's worth at the time of purchase.

The majority opinion makes reference to testimony by the appellant that "his loss in the transaction was $1,500." The majority implies the $1,500 figure was sufficient to meet the legal measure of damages in a deceit action. Not so. To put appellant's statement in context, the $1,500 loss to which appellant made reference was the amount he lost at the time his car broker sold the car for $13,500 — again two months and 2,500 miles after he purchased the car. Of course, the fact such a statement was given without objection has nothing to do with whether it is sufficient to establish what the value of the car was when purchased.

Apparently, the majority court, by its opinion, has decided to

adopt what might be called a "benefit-of-the-bargain rule with a de minimis non curat lex twist." In other words, the court will assume there is little or no difference in a car's (or chattel's) value when it is sold two (or perhaps more) months after its purchase. There is no other way one can explain the majority's decision.

In conclusion, I would add that since the record appears sufficient to support the appellant's allegation of misrepresentation, the result reached by the majority appears an equitable one. However, when this court applies equitable principles to a law case, particularly one involving measure of damages, it can generally expect to pay a price when considering and deciding future cases.

Finally, in an apparent attempt to justify its decision regarding the damages issue, the majority raises, on its own, the suggestion that appellee's challenge to the appellant's evidence of damages was untimely. The majority also submits the appellee failed to move for a directed verdict on the measure of damage issue.

In response, I would point out that the appellant never argued those issues below, and this court has no authority to search the transcript to find justification to reverse a case. *See Boren* v. *Qualls*, 284 Ark. 65, 680 S.W.2d 82 (1984); *First National Bank of Brinkley* v. *Frey*, 282 Ark. 339, 668 S.W.2d 533 (1984). In addition, aside from jurisdiction issues, we do not reverse cases on theories not presented by the appellant to either the trial court or this court. *Arkansas Kraft Corp.* v. *Johnson*, 257 Ark. 629, 519 S.W.2d 74 (1975).

I would affirm the trial court's granting of the appellee's motion for judgment notwithstanding the verdict on the issue of damages.