MISSOURI STATE LIFE INSURANCE COMPANY *v.* FODREA.

Opinion delivered February 15, 1932.

*Allen May* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Sam T. Poe, Tom Poe* and *McDonald Poe,* for appellees.

McHANEY, J. These separate appeals have been consolidated in this court, as they involve substantially the same questions for determination. In each case there was a verdict and a judgment for $2,000 with interest, 12 per cent. penalty and an attorney's fee of $500 on certificates of life insurance containing a clause providing that sum would be paid in case of total permanent disability of the insured before arriving at a certain age. In case 2366 the questions presented are (1) that the hypothetical question asked certain expert witnesses was improper; (2) that no penalty and attorney's fee should have been assessed; and (3) that the attorney's fee allowed was excessive. In case 2365, the questions argued are the same with the exception that no hypothetical question is involved. No question is raised as to the

sufficiency of the evidence to support the verdict nor as to any instruction. We will discuss the issues in the order above stated.

■ Relative to the hypothetical question propounded to the expert witnesses, several objections were made to it, some of which the court sustained, and others overruled. We think it unnecessary to copy the question in this opinion as it is lengthy. It recites a history of his physical condition and seeks the opinion of the expert witnesses as to the character of ailment from which appellee is suffering. In the history of the case recited in the question, the following was objected to: "That examining physician suspected plaintiff was suffering from toxic poison from some source, caused by an infected tooth, and suspected he suffered from myocarditis, and treated him for same, prescribing digitalis, a heart stimulant." This was based on the testimony of a non-expert physician, and was his diagnosis of the trouble. We think this not objectionable on the ground that it called for the opinion of the witness based on suspicions and conclusions of other witnesses or of other expert witnesses. Of course, it is not proper to incorporate in hypothetical questions the opinions of other expert witnesses, as facts and not opinions must be assumed in them. It is necessary to include the undisputed facts, and the facts assumed to have been established by the party propounding the question may be included, if relevant. *Taylor* v. *McClintock,* 87 Ark. 243, 112 S. W. 405; *Newport Mfg. Co.* v. *Alton,* 130 Ark. 542, 198 S. W. 120. Dr. Atkinson testified to the above facts, but not as an expert. The experts were not asked to base their opinion on the opinion of Dr. Atkinson, but on the facts as related by him. We think the other objection relating to an examination of appellee in the Missouri Pacific Hospital in 1925 is without merit. This fact was established by evidence not objected to, and could not have been prejudicial because too remote. It does not appear from appellant's abstract that objection was made to the question on this ground, and, therefore, it is unavailing here. We

conclude that the objections made to the question were properly overruled.

■ It is contended in both cases that the 12 per cent. damages and attorney's fee were erroneously assessed, and that under § 6155, Crawford & Moses' Digest, no damages and attorney's fee should be assessed where defense is made in good faith and refusal to pay is based upon an honest and fairly debatable difference of opinion as to the law involved. It is conceded by appellant that this court has already taken a contrary view of the matter in *Security Ins. Co.* v. *Smith,* 183 Ark. 254, 35 S. W. (2d) 581, and, it is insisted, as thus construed, the above statute runs counter to the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States. We do not agree with appellant in this regard, and we think the Supreme Court of the United States has decided the question adversely to appellant's contention. *Fidelity Mutual Life Assn.* v. *Mettler,* 185 U. S. 308, 22 Sup. Ct. 662; *Iowa Life Ins. Co.* v. *Lewis,* 187 U. S. 335, 23 Sup. Ct. 126. Both of these cases construed the Texas statute, which is substantially the same as ours—requiring life and health insurance companies who shall default in payment of their policies to pay 12 per cent. damages, together with reasonable attorneys' fees, not to be in violation of the Fourteenth Amendment. In the latter case, Mr. Justice McKenna, speaking for the court, said: ''Notwithstanding our decision in *Fidelity Mutual Life Assn.* v. *Mettler,* 185 U. S. 308, 46 L. Ed. 922, 22 Sup. Ct. 662, the plaintiff in error urges the unconstitutionality of the Texas statute, authorizing the recovery of damages and attorneys' fees for failure of life and health insurance companies to pay losses. We are, however, entirely satisfied with the case and its reasoning.'' See *Hartford Fire Ins. Co.* v. *Wilson & Toomer Fertilizer Co.,* 4 Fed. (2d) 835, certiorari denied 268 U. S. 704, 45 S. Ct. 639.

Moreover, this statute is a part of the insurance laws of this State and has been since 1905. It is one of the conditions under which insurance companies are author-

ized to do business in this State, and, by transacting business here, such companies impliedly at least agree to be bound by the act. *Fidelity Mutual Life Ins. Assn.* v. *Mettler, supra; American Fire Ins. Co.* v. *King Lbr. Co.,* 250 U. S. 2, 39 S. Ct. 431.

■ In case 2365 appellee prayed judgment for $2,000 and interest from April 18, 1930. There was a judgment for $2,000, and the court allowed interest from December 3, 1930. Appellant contends that, since the demand was for more than the recovery, no damages and attorney's fee should be assessed under the rule announced in *Pac. Mut. Life Ins. Co.* v. *Carter,* 92 Ark. 378, 123 S. W. 384, and numerous other cases since that time. We think the court correctly allowed the damages and fees in this case, as appellee recovered the full amount of the policy, the amount demanded, and the court determined the amount due as interest. Interest followed as a matter of law on the amount recovered from the date appellant should have paid.

■ We think the allowance of attorney's fees in both cases excessive when considered in comparison with allowances made in former similar cases. See *Mut. Life Ins. Co.* v. *Owen,* 111 Ark. 554, 164 S. W. 720; *Ætna Life Ins. Co.* v. *Spencer,* 182 Ark. 496, 32 S. W. (2d) 310. Numerous other cases might be cited. The rule has been to allow about 10 per cent. of the amount of the recovery, but here there appears to have been considerable work done in the preparation and trial of the cases and we have reached the conclusion that 15 per cent. of the recovery, or $300 in each case, will be reasonable compensation.

We therefore modify the judgment in each case in this respect, and, as modified both will be affirmed.