Mullally v. Carvill.

5-2662                                        356 S. W. 2d 238

Opinion delivered April 16, 1962.

E. L. Schieffler, for appellant.

John L. Anderson, for appellee.

Sam Robinson, Associate Justice.   The appellant, Earl Mullally, loaned his pickup truck to L. H. Heagwood to enable Heagwood to get to the place where Heagwood's son had been involved in an accident. While Heagwood was on this trip he had a collision with an automobile driven by appellee, Ed Carvill. There was damage to both Mullally's truck and Carvill's automobile. Mullally filed suit against Carvill for damages to the truck and Carvill filed a cross complaint asking compensation for damages to his automobile. There was a judgment for $645.00 on the cross complaint.

After all the evidence had been introduced, Mullally moved for a directed verdict in his behalf on the cross complaint contending there was no evidence of negligence on his part and that he is not liable for the negligence of Heagwood, if any, because Heagwood was in no manner acting for Mullally and that Heagwood's negligence, if any, was not imputable to Mullally. The Court overruled Mullally's motion for a directed verdict and in-

structed the jury that Heagwood's negligence, if any, was imputable to Mullally. This was error.

Mullally was merely a gratuitous bailor and his motion for a directed verdict on the cross complaint should have been granted. There is no evidence of negligence on his part and since there is no evidence that Heagwood was in any wise acting for Mullally, Heagwood's negligence was not imputable to him. In *Sanders* v. *Walden,* 212 Ark. 773, 207 S. W. 2d 609, the Court cited with approval *Missouri Pacific R. R. Co.,* v. *Boyce,* 168 Ark. 440, 270 S. W. 519, which held that where a truck struck by a train had been loaned to the driver for use for his own pleasure, the driver's negligence could not be imputed to the owner, nor be interposed as a defense as the negligence of a bailee is not imputable to the bailor where the subject of bailment is damaged by a third person. See also 5 Am. Jur. 781.

In 6 Am. Jur. 313 it is said: The relationship of bailor and bailee is not, as such, within the doctrine of respondeat superior; at common law it seems to be very well settled, both in bailments for gratuitous use and in lettings for hire, that the bailor cannot be held responsible to a third person for injuries resulting from his bailee's negligent use of the bailed property, in the absence of any control exercised by the bailor at the time or of negligence of his own which proximately contributed to the injuries.'' Dozens of cases are cited in support of the text.

The issue of the alleged negligence of the parties was submitted to the jury under the comparative negligence doctrine. The judgment states that the jury found no negligence on the part of appellee, Carvill. The jury having found Carvill guilty of no negligence, there is no error prejudicial to appellant, Mullally, on his complaint. As heretofore pointed out, there should have been a directed verdict for appellant on appellee's cross complaint. The judgment is therefore reversed and the cause dismissed.