FORD *v.* MARKHAM.

5-2892                                      363 S. W. 2d 926

Opinion delivered January 21, 1963.

*Crouch, Blair & Cypert,* for appellant.

*Dickson, Putman, Millwee & Davis,* for appellee.

GEORGE ROSE SMITH, J. This is an action by the appellee to recover double damages under the provisions of Act 283 of 1957, relating to small claims for property damage arising from motor vehicle collisions. Ark. Stats. 1947, §§ 75-918 to 75-920. At the time of the collision the plaintiff's car was being driven by his wife as a bailee; so any negligence on her part was not imputable to him. *Mullally* v. *Carvill,* 234 Ark. 1041, 356 S. W. 2d 238. The trial court, sitting without a jury, found that the defendant had been "one or two percent" negligent and accordingly entered judgment in favor of the plaintiff for double the amount of his damages, which were stipulated to be $200 (and therefore within the purview of Act 283). The plaintiff was also awarded an attorney's fee of $50.

The appellant insists that there is no evidence to support a finding of negligence on his part. The collision occurred on a narrow, muddy country road having two deep well-defined ruts. Mrs. Markham had just crossed a one-lane bridge and was proceeding slowly up a hill. Ford came over the top of the hill at a speed estimated by Mrs. Markham at thirty miles an hour. Mrs. Markham tried to pull over to her right, but she was unable to get out of the ruts. When Ford saw that the other car was staying in the center of the road he tried to stop, but after sliding ten or fifteen feet he struck the Markham automobile, which was either stationary or nearly so.

We are unwilling to hold as a matter of law that Ford was completely free from negligence. He had been over this road earlier that same morning and knew its condition. The court may well have concluded that in starting down the hill at thirty miles an hour Ford did not have his car under proper control, in view of the hazards that were present. Furthermore, Mrs. Markham testified that the normal procedure was for a person to wait at the top of the hill in such a situation. She quoted Ford as having admitted, immediately after the accident, that perhaps he should have stopped at the top of the hill and let the other car pass. Thus there is ample support in the testimony for the trial court's action in attributing at least some negligence to Ford.

A more difficult question is whether the appellant is liable for double damages and attorney's fees. Even though the plaintiff recovered the full amount sued for, Ford contends that he established a "meritorious defense" within this section of the statute:

"In all cases wherein loss or damage occurs to property resulting from motor vehicle collision amounting to two hundred ($200.00) dollars or less, and the defendant liable therefor shall, without meritorious defense, fail to pay the same within 60 days after written notice of the claim has been received, such defendant shall be liable to pay the person entitled thereto, double the amount of such loss or damage, together with a rea-

sonable attorney's fee . . . This liability, which is limited to damage to property, attaches when liability is denied and suit is filed.'' Ark. Stats., § 75-918.

Counsel for the appellant earnestly contend that a defendant is not ''without meritorious defense'' if his contentions present a substantial question concerning his liability. Otherwise, it is argued, the inclusion of this phrase adds nothing to the statute, for the deletion of this language would still leave the defendant liable for double damages whenever he loses the case.

We do not find this argument altogether convincing. To begin with, the position of the phrase in the statute tends to rebut the appellant's argument. The legislature declared that when a loss or damage occurs, ''and the defendant liable therefor shall, without meritorious defense, fail to pay the same within 60 days after written notice,'' then the defendant becomes liable for double damages. Thus the want of a meritorious defense relates not to the issue of ultimate liability but to the failure to pay the claim within 60 days after notice. Apparently the phrase was inserted in the statute to provide for instances when the defendant had a valid reason for not making payment within 60 days, such as the failure of his liability insurance carrier to process the claim within that time or the occurrence of some unavoidable casualty that prevented the defendant from meeting the 60-day deadline.

Secondly, the last sentence in the section declares that the statutory liability attaches ''when liability is denied and suit is filed.'' At that point it cannot be known whether the defendant will interpose a substantial defense at the trial; so it is evident that the liability for double damages arises from the defendant's failure to pay the claim within 60 days rather than from his failure to present a serious defensive issue.

Finally, the basic legislative purpose was evidently to provide an effective remedy for the enforcement of claims so small that in the past they have often not been worth the expense of litigation and could therefore be

ignored by the wrongdoer with impunity. By providing double damages and attorney's fees the lawmakers have endeavored to make the prosecution of such claims worthwhile. Yet in almost every case involving a traffic collision each party is able, with apparent good faith, to blame the other for the accident. If such a defensive maneuver amounts to a meritorious defense it is manifest that the statute might almost as well not have been enacted, for its effective operation becomes negligible. We conclude, therefore, that when, as here, the complaining party gives the required notice and later recovers the full amount of the claim, he is entitled to the benefits provided by the statute. Whether that would also be true in the case of a partial recovery is not before us.

Affirmed.