WILLINGHAM *v.* SOUTHERN RENDERING Co.

5-3658                                    394 S. W. 2d 727

Opinion delivered October 25, 1965.

*Wood, Chesnutt & Smith,* for appellant.

*Wootton, Land & Matthews,* for appellee.

GEORGE ROSE SMITH, J. The appellant's wife and two foster children were killed in a head-on collision on 'the afternoon 'of November 15, 1961. This action for wrongful death and property damage was brought by the appellant, as an individual and as administrator of the three estates, against the owner and the driver of the tractor and tank trailer that collided with the Willingham car. The trial court directed a verdict in favor of the defendants. The question here is whether there was substantial evidence of negligence on the part of the defendant driver, Milton W. Winfrey.

Winfrey was the only survivor of the collision and thus was the only available eyewitness. He had delivered a tankful of tallow to Nashville, Arkansas, and was returning to Little Rock when the tragedy occurred. He testified that when he first saw the other vehicle it was coming toward him at great speed on the wrong side of the highway. Winfrey estimated his own speed at 40 or 45 miles an hour. The highway was wet. Winfrey says that he first applied only his trailer brakes and then applied his tractor brakes as well. He drove his rig completely off the pavement and onto the right-hand shoulder, but the Willingham car, out of control, careened back and forth across the highway and was skidding sidewise down the shoulder when the collision took place. Winfrey estimated his speed at 10 or 15 miles an hour at the moment of impact.

The complaint alleged, among other things, that the tractor-trailer had defective brakes and that it was being driven at an excessive speed. We are of the opinion that there was substantial evidence to support both allegations.

Compressed air was used both to operate the trailer brakes and to empty the tank of tallow. There is proof that the two systems were so connected that it was possible for tallow to leak into the brake lines. There is also positive and disinterested testimony that when the

trailer was repaired after the accident the mechanics removed two gallons of tallow from the brake system. The jury could have found that the compressed air hoses in the braking mechanism were so obstructed by tallow that the trailer brakes were ineffective.

There is also evidence to support an inference that the tractor-trailer was traveling much too fast at the moment of its collision with the Willingham car. Despite the speed at which the car was assertedly traveling it was pushed backward for fifty-five feet from the point of impact. Moreover, several photographs indicate that Winfrey's 24,000-pound rig must have run over the automobile with inordinate force, for the body of the vehicle was so crushed that it was apparently only about a yard in height after the collision.

One of the children who were killed was four years old; the other was two. Any negligence on the part of Mrs. Willingham could not be imputed to them. *Stockton* v. *Baker*, 213 Ark. 918, 213 S. W. 2d 896 (1948); *Lockhart* v. *Ross*. 191 Ark. 743, 87 S. W. 2d 73 (1935). With respect to Willingham's claim for the destruction of the automobile it may also be true that his wife's negligence would not be imputable to him. *Mullally* v. *Carvill*, 234 Ark. 1041, 356 S. W. 2d 238 (1962). Hence, as far as these causes of action are concerned, it was enough for the plaintiff to adduce *some* substantial evidence of negligence in the defendants. From what we have already said it is plain that the proof presented issues of fact for the jury.

A more difficult question is raised with respect to Mrs. Willingham's own comparative negligence as a proximate cause of her death. Ordinarily the matter of comparing the negligence of the two persons concerned is within the province of the jury. *Wood* v. *Combs*, 237 Ark. 738, 375 S. W. 2d 800 (1964). When, as here, one of the drivers is the only survivor of the collision, the plaintiff necessarily labors under great difficulty in his effort to prove that the defendant driver's negligence exceeded that of the plaintiff's intestate. Here, as we have seen, the plaintiff succeeded in proving that Win-

frey may have been at fault in at least two particulars. In this situation we are reluctant to declare as a matter of law that Mrs. Willingham's negligence was greater than Winfrey's. The jury had the great advantage of observing Winfrey's demeanor as he testified. We are of the opinion that the comparative negligence on the part of Mrs. Willingham and of Winfrey was a matter for the jury to decide.

Reversed.