JAMES A. COUDRET *v.* CAREW W. SANDERS JR.

5-4582                                    428 S. W. 2d 243

Opinion delivered May 27, 1968

*Thomas B. Tinnon,* for appellant.

*Poynter* and *Huckaba,* for appellee.

PAUL WARD, Justice. On September 27, 1966 an automobile owned by Carew W. Sanders, Jr. (appellee), driven by his son, collided with an automobile owned and driven by James A. Coudret (appellant) at a street crossing in Mountain Home, Arkansas. The damage done to appellee's car amounted to $117.50—as later stipulated.

On March 30, 1967 appellee notified appellant that if he did not pay the above mentioned amount within sixty days he would file suit for double the amount plus attorney fees and costs—pursuant to the provisions of Ark. Stat. Ann. § 75-918 (Repl. 1957) which reads:

> "In all cases wherein loss or damage occurs to property resulting from motor vehicle collision amounting to two hundred ($200.00) dollars or less, and the defendant liable therefor shall, without meritorious defense, fail to pay the same within sixty days after written notice of the claim has been received, such defendant shall be liable to pay the person entitled thereto, double the amount of such loss or damage, together with a reasonable attorney's fee which shall not be less than fifty dollars ($50.00) and court costs. This liability, which is limited to damage to property, attaches when liability is denied and suit is filed."

When appellant failed to pay appellee filed a complaint on August 1, 1967, alleging the collision was caused by appellant's negligence. Appellant denied the allegation of negligence, and stated: (a) he had a meritorious defense and (b) said statute is unconstitutional.

The trial resulted in a jury verdict in favor of appellee, fixing the damages at $117.50. Based on the verdict, the trial judge ordered appellant to pay appellee

the sum of $235, being double the amount of the verdict, together with all costs of this action, plus attorney fees in the amount of $200. Appellant here seeks a reversal on the two points presently discussed.

*One.* The trial court erred in giving appellee's requested Instruction No. 7, which reads:

"When vehicles are approaching an intersection from different streets the driver of a motor vehicle must yield the right of way to another driver who in the exercise of ordinary care has already entered the intersection.

"If vehicles are approaching an intersection from different streets at such relative speeds and distances from the intersection that both vehicles will enter the intersection at the same time, then the law requires the driver of the vehicle on the left to yield the right of way to the vehicle on the right.

"A violation of these rules governing the approach to an intersection although not necessarily negligence, is evidence of negligence to be considered by you along with all of the other facts and circumstances in this case."

We are unable to agree with appellant's contention. When Instruction No. 7 was offered by appellee the only objection made by appellant was that "there is no evidence before the jury from which they could find that the defendant (appellant) was approaching the intersection, but was in fact in the intersection before a reasonable and prudent person would have realized the danger existed". The record does not support appellant's evaluation of the evidence.

Dean Sanders (the son of appellee) was driving appellee's car in an easterly direction along 13th Street, and appellant was driving his own car in a southerly

direction along Maple Street which intersected 13th street. Dean testified, in effect, that when he was about thirty feet west of the intersection he saw appellant's car (to the left) about twenty feet north of the intersection. The testimony further shows Dean was traveling about twenty five miles per hour and appellant was traveling from twelve to fifteen miles per hour. This testimony, we think, justified the court in giving the instruction.

*Two.* Appellant here contends the court erred in refusing his requested Instruction No. 1. We deem it unnecessary to copy in full the instruction which covers three pages in appellant's brief. Set out below is a summary of what we consider to be the essence of the offered instruction:

> You are instructed that appellant had a "meritorious defense" if he believed in good faith, acting as a reasonable prudent person and based on the surrounding facts, that he was in fact free of negligence.

Put another way—appellant is contending it should be left to the jury to say whether or not he believed he was free from negligence.

The answer to appellant's contention is found in *Ford* v. *Markham,* 235 Ark. 1025, 363 S. W. 2d 926. There, in construing the same statute here involved, this Court said:

> "Thus the want of a meritorious defense relates not to the issue of ultimate liability but to the failure to pay the claim within 60 days after notice. Apparently the phrase was inserted in the statute to provide for instances when the defendant had a valid reason for not making payment within 60 days, such as the failure of his liability insurance carrier to process the claim within that time or the occurrence of some unavoidable casualty that prevented the defendant

from meeting the 60-day deadline.''

The Markham opinion is, we think, sound and in harmony with our holding in *Missouri State Life Insurance Co.* v. *Fodrea,* 185 Ark. 155 (p. 157), 46 S. W. 2d 638. The Court there was considering § 615 C. & M. Digest, which authorized assessment of 12% damages and attorney's fee. Appellant contended ''no damages and attorney's fee should be assessed where defense is made in good faith and refusal to pay is based upon an honest and fairly debatable difference of opinion as to the law involved''. In answer to the above contention the Court said: ''We do not agree with appellant in this regard, and we think the Supreme Court of the United States has decided the question adversely to appellant's contention''.—citing cases.

The judgment of the trial court is affirmed, and appellee is awarded $250 attorney's fee.

Affirmed.

BROWN, FOGLEMAN and BYRD, JJ., concur.

CONLEY BYRD, Justice, concurring. I concur in the result reached here because appellant's proffered instruction did not correctly state the law. But I do not agree that the term ''meritorious defense'' is limited to those situations involving unavoidable casualty or other inability to pay damages within sixty days.

To me the statute, Ark. Stat. Ann. § 75-918 (Repl. 1957), allows a recovery of double damages only when the amount of the loss or damages to property is $200 or less. In *Rouse* v. *Weston,* 243 Ark. 396, 420 S. W. 2d 83 (1967), we held that the claimant could not bring himself within the statutory limit by making claim for less than the damages sustained. I can make no distinction for purposes of double recovery under the statute between a voluntary reduction of a loss and that reduction of a loss that occurs by operation of law as a result of our comparative negligence statute, Ark. Stat.

Ann. § 27-1730.2 (Repl. 1962).

Therefore, I consider that the term "meritorious defense" includes not only the defense that the claimed amount of the loss is excessive but also the defense of comparative negligence. I concede, however, that these issues should be submitted to the jury in terms of damages and comparative negligence rather than "meritorious defense." In this manner the "meritorious defense," which would avoid the penalty, is established any time a verdict is returned for less than the amount of the loss to the property or for less than the amount claimed.

BROWN and FOGLEMAN, JJ., join in this concurrence.