Bernard BULLON *v.* Ernest MONROE

76-92                                          539 S.W. 2d 434

Opinion delivered July 12, 1976

[Rehearing denied September 13, 1976.]

*Pickens, Boyce, McLarty & Watson,* for appellant.

*Bowie, Carlyle & Erwin,* for appellee.

Conley Byrd, Justice. Appellant Bernard Bullon brought this action against appellee Ernest Monroe under the Small Claims Statute, Ark. Stat. Ann. § 75-918 (Repl. 1957), to recover $101.00. Monroe admitted that he had agreed to pay for the damages that he had done to appellant's 1972 Toyota Corona station wagon, but denied that the damages amounted to $101.00. The trial court found the damages to be $50.00 and entered judgment for that amount. On appeal appellant contends:

"I. The court erred in awarding to the plaintiff only $50.00 in damages.

II. The court erred in refusing to assess double damages and attorney's fees."

POINT I. The contention that there is no substantial evidence to support a judgment for less than $101.00 is without merit. Admittedly appellant's automobile had been damaged prior to the parking lot incident in question and there is a considerable difference of opinion among the witnesses as to whether the damages shown on the repair estimate were caused by the parking lot incident. As we view the evidence the trial court could have fixed the damages at any figure from the $4.58 tender of Monroe to the $101.00 figure testified to by appellant and his witnesses. At least we cannot say that there is no substantial evidence to support the $50.00 finding.

POINT II. Appellant here argues that Monroe had no meritorious defense to this small automobile damage claim and that despite the fact he recovered less than the $101.00 which he claimed, the trial court should have entered a judgment for double the amount of the damages plus a reasonable attorney's fee. We cannot agree with appellant.

The basic legislative purpose of the small claims statute "was evidently to provide an effective remedy for the enforcement of claims so small that in the past they have often not been worth the expense of litigation and could therefore be ignored by the wrongdoer with impunity," *Ford* v. *Markham,* 235 Ark. 1025, 363 S.W. 2d 926 (1963).Furthermore, being penal in nature it must be strictly construed, *Rouse* v. *Weston,* 243 Ark. 396, 420 S.W. 2d 83 (1967). When viewed in the light of the purpose of the statute and its penal nature we must conclude that a wrongdoer has a meritorious defense that will defeat the penalty provisions of the statute when the fact finder determines that the actual loss or damage is less than the amount demanded. To construe the statute otherwise would permit one who suffered only $100 in damages to extort another $100 from the wrongdoers on the premise that if the wrongdoer does not pay the $200 demand it would cost him at least $250 when he went to court.

Affirmed.