

# SUPREME COURT OF ARKANSAS

No. CV-11-670

| | | |
|---|---|---|
| KEVIN D. TATE | | **Opinion Delivered** October 3, 2013 |
| | APPELLANT | PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT, 39CV-11-66, HON. RICHARD L. PROCTOR, JUDGE |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | AFFIRMED. |

## PER CURIAM

In 2005, appellant Kevin D. Tate was found guilty in the Garland County Circuit Court of the felony offense of murder in the first degree in the shooting death of his girlfriend. He was sentenced to a term of 480 months' imprisonment. The jury declared that the sentence should be enhanced pursuant to Arkansas Code Annotated section 16-90-120 (1987) by an additional term of 180 months' imprisonment for use of a firearm in the commission of the felony. Under section 16-90-120(b), the sentences were to be served consecutively.

In 2011, appellant filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court, located in the county where he was in custody.[1] The circuit court denied the petition, and appellant brings this appeal.

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner

---

[1]As of the date of this decision, appellant remains incarcerated in Lee County.

SLIP OPINION

in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence must plead either the facial invalidity or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam). A habeas proceeding does not afford a prisoner an opportunity to retry his or her case. *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam).

Appellant raises only one primary issue on appeal, and any other claims raised in the petition below, therefore, are considered abandoned. *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). Appellant contends that the trial court erred when it accepted the jury's recommendation and ordered the sentences to be served consecutively. He further contends that a hearing should have been held on the issue.

There is no merit to the argument. First, Arkansas Code Annotated section 16-90-120 is an *enhancement* statute. Section 16-90-120(b) provides that the enhancement must be imposed as a consecutive sentence in addition to the sentence imposed for the felony that was committed with a firearm. Sentencing is statutory, and a particular sentence must be in accordance with the applicable statute for the court to have authority to impose it. The trial court's assigning of a sentence different from that set by the jury is illegal because Arkansas Code Annotated section 5-4-103 (Repl. 2006) authorizes the jury, not the court, to fix punishment, with a few exceptions

not applicable to appellant's case, if the jury finds the defendant guilty. *Id.* When appellant committed the crime, the jury was authorized to enhance the sentence up to fifteen years when it found that a firearm had been employed in the commission of the crime. Ark. Code Ann. § 16-90-120 (1987). Appellant did not show that the sentence imposed in his case was illegal on its face. The circuit court was not required to hold a hearing on an issue that did not state a ground for issuance of the writ. *Bradford v. State*, 2011 Ark. 494 (per curiam).

Appellant's claim was not sufficient to demonstrate that the judgment-and-commitment order was facially invalid or that the trial court lacked jurisdiction. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Reed v. Hobbs*, 2012 Ark. 61 (per curiam); *Anderson v. State*, 2011 Ark. 35 (per curiam); *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). The Garland County Circuit Court, which was the trial court in appellant's case and rendered the judgments, had subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Hill v. State*, 2013 Ark. 143 (per curiam).

Because his claims did not demonstrate the facial invalidity of the judgment and failed to demonstrate a lack of the trial court's jurisdiction, appellant did not establish a basis for the writ to issue. *See Culbertson v. State*, 2012 Ark. 112 (per curiam); *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam). Accordingly, the order is affirmed.

Affirmed.

*Kevin D. Tate*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.