SLIP OPINION



Cite as 2013 Ark. App. 671

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–13–458

| | |
|---|---|
| WILLIAM L. BATEMAN<br>APPELLANT<br><br>V.<br><br>LILLIAN C. HEIRD<br>APPELLEE | **Opinion Delivered** November 13, 2013<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. CV-2011-594-2]<br><br>HONORABLE ROBERT H. WYATT, JR., JUDGE<br><br>REVERSED AND REMANDED |

## RITA W. GRUBER, Judge

William L. Bateman appeals the amount of attorney's fees he was awarded in his small-claims judgment for damages sustained in a motor-vehicle accident. The circuit court awarded the fees under the following statutory provision:

> In all cases wherein loss or damage occurs to property resulting from motor vehicle collision amounting to one thousand dollars ($1,000) or less, and the defendant liable, without meritorious defense, shall fail to pay the loss or damage within sixty (60) days after written notice of the claim has been received, then the defendant shall be liable to pay the person entitled thereto double the amount of the loss or damage, *together with a reasonable attorney's fee*, which shall not be less than two hundred fifty dollars ($250), and court costs.

Ark. Code Ann. § 27-53-402(a) (Repl. 2010) (emphasis added).

There is no fixed formula in determining a reasonable attorney's fee. *S. Farm Bureau Cas. Ins. Co. v. Krouse*, 2010 Ark. App. 493, 375 S.W.3d 763. However, a court should be guided in that determination by these long-recognized factors:

(1) the experience and ability of the attorney; (2) the time and labor required to

perform the service properly; (3) the amount in controversy and the result obtained in the case; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged for similar services in the local area; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney.

*Carter v. Cline*, 2013 Ark. 398, at 9–10, --- S.W.3d ----, ---- (citing *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990)). Because of the trial judge's intimate acquaintance with the record and the quality of service rendered, the appellate court will usually recognize the judge's superior perspective in assessing the applicable factors. *Id.* The standard of review for an attorney-fee award is abuse of discretion. *Nw. Nat'l Life Ins. v. Heslip*, 309 Ark. 319, 832 S.W.2d 463 (1992).

William Bateman's daughter, Tacita, was driving her father's 2007 Chrysler in Pine Bluff on July 9, 2009, and was stopped at a red light when a 1999 Oldsmobile operated by Lillian C. Heird struck the Chrysler from behind. On September 29, 2011, the Batemans filed suit against Ms. Heird in circuit court. Tacita Bateman sought damages for personal injury. William Bateman sought $622.98 of property damage and $50 total costs for car rental while his Chrysler was being repaired. He also requested, pursuant to Arkansas Code Annotated section 27-54-402, that he be awarded double damages, his attorney's fees, and court costs. In her answer, Ms. Heird denied liability and requested dismissal of the Batemans' complaint. On November 21, 2012, upon motion of Tacita Bateman, the circuit court dismissed her personal–injury claim without prejudice.

Ms. Heird's liability for the accident was stipulated at a November 29, 2012 bench trial on Mr. Bateman's claim for property damage. The court noted that payment had not been

made despite a demand letter to Ms. Heird and a person whom the court assumed to be her insurance adjustor, and noted that Ms. Heird was not able to be in court to testify. The court orally found that the testimony of both Mr. Bateman and his daughter, although contested vigorously, was credible; that the amount of damages to Mr. Bateman's car was $622.98; and that Ms. Heird failed to put forth a meritorious defense showing why payment of the small claim was not made within the statutory sixty-day period.

The circuit court awarded judgment to Mr. Bateman in the amount of $622.98 for actual damage to his car along with a statutory penalty of $622.98, for a total of $1245.96; $25 car rental per day for two days, totaling $50; and attorney's fee in the amount of $750 under Arkansas Code Annotated section 27–53–402. The following colloquy then ensued between Mr. Bateman's counsel and the court:

> Counsel:    Your Honor, we'd like an opportunity to submit a fee petition.
>
> Court:      I'm going to authorize $750 in attorney's fees and then award the cost for bringing the action. So, at this point, the total judgment will be $2045.96, plus you can itemize your costs; and you will be awarded your costs as well.

On December 7, 2012, Mr. Bateman filed a motion asking the court to reconsider the amount of attorney's fees—which he alleged would barely cover three hours' work—and to allow him to submit a fee petition detailing the time and work. He alleged that the aggressive law firm hired by State Farm had filed numerous pleadings; inspected his vehicle and hired experts; sent numerous faxes, letters, and requests; and caused his attorneys to spend more than seventy-five hours responding. He asserted that "the defense . . . by State Farm Insurance Company, in denial of the claim to Mr. Bateman, was totally frivolous." He argued

that there was no proof on which to base a denial, and that the fees and costs should be enhanced because State Farm took a meritless and frivolous position with no basis in fact or law. Ms. Heird responded that the trial had been continued from August 30, 2012, to November 29, 2012, at Mr. Bateman's request; that the primary focus of the lawsuit had arisen from Tacita Bateman's personal-injury claim, which she voluntarily dismissed shortly before trial; that the motion to reconsider essentially requested leave to file a fee petition, which the court had denied at trial after setting Mr. Bateman's attorney's fee at $750; and that Mr. Bateman had not demonstrated how, if at all, the court erred in exercising its discretion to set the fee at $750.

By written order of January 25, 2013, "based on the pleadings filed herein and being well and otherwise sufficiently advised in the premises," the court denied Mr. Bateman's motion for reconsideration and again set attorney's fees at $750. On February 19, 2013, the court entered judgment fixing damages at $622.98, doubling the damages pursuant to statute, awarding $50 for a rental car, and awarding attorney's fees of $750 as previously set at trial and by its January order. Damages were fixed at $2,045.96, along with $215 fees for filing and service.

On February 25, 2013, Mr. Bateman appealed the circuit court's judgment of February 19, 2013. On March 4, 2013, he filed a motion in the circuit court under Arkansas Rule of Civil Procedure 54(e)(2) to guard against any assertion that he had not followed proper

4

procedure in seeking attorney's fees.[1]  Attached to the motion was an itemized record showing that counsel spent 68.24 hours on the case at a rate of $175, totaling $12,012, and had costs and fees of $225.  Ms. Heird responded that the motion was improper because the circuit court had awarded reasonable attorney's fees at the close of trial and had twice decided the issue and that, regardless, Mr. Bateman had not shown how the award of attorney's fees was outside the court's discretion.  Mr. Bateman replied that the motion was proper under Rule 54(e)(2).  By order of May 22, 2013, the circuit court denied Mr. Bateman's motion for attorney's fees.  Mr. Bateman now appeals that order, incorporating by reference his February 25, 2012 notice of appeal.

Mr. Bateman asserts that the attorney's fee award of $750 is not "reasonable" under Ark. Code Ann. section 27-53-402, nor does it serve the statute's purpose of discouraging meritless denials of small damage claims, which then must be litigated in court to the detriment of all concerned.  *See Ford v. Markham*, 235 Ark. 1025, 1027–28, 363 S.W.2d 926, 928 (1963) (noting that the "basic legislative purpose" of our small-claims statute "was evidently to provide an effective remedy for the enforcement of claims so small that in the past they have often not been worth the expense of litigation and could therefore be ignored by the wrongdoer with impunity").

Mr. Bateman points to *Knesek v. Cameron Hubbs Construction., Inc.*, 2013 Ark. App.

---

[1]Rule 54(e)(2) requires, in pertinent part, that the motion for attorney's fees be filed no later than fourteen days after entry of judgment, specify the judgment and the statute or rule entitling the moving party to the award, and state the amount or provide a fair estimate of the amount sought.

380, a case involving Arkansas Code Annotated section 16-22-308, under which the prevailing party in particular civil actions "may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs." Hubbs submitted an affidavit with an itemized record of time spent on the case to support a motion for $27,481.20 in attorney's fees; the circuit court did not conduct a hearing on the request, and the court stated in its order denying the motion that Hubbs was not entitled to any attorney's fees because Hubbs recovered "less than the amount sought." We remanded for an analysis of attorney's fees using the *Chrisco* factors because we found it unclear whether the court thought that Hubbs was not the prevailing party, or thought, considering all of the factors, that Hubbs was not entitled to any reasonable attorney's fees. *See also Bailey v. Rahe*, 355 Ark. 560, 142 S.W.3d 634 (2004) (remanding for consideration of the *Chrisco* factors in a guardianship case where we were unable to discern from the court's remarks its basis for reducing the requested attorney's fees).

Ms. Heird responds that Mr. Bateman did not provide the circuit court an amount to consider at the conclusion of trial; that the attorney's fee award of $750 Mr. Bateman received was more than fifty percent of his award for property damage; that the circuit court, in denying his motion to reconsider attorney's fees, stated that its decision was based on the pleadings; that his motion for attorney's fees after judgment was based on a self-serving statement rather than an independent statement or affidavit supporting the hourly rate "for such a small property damage case"; and that his fee statement included generalized entries that did not differentiate claims for personal injury and property damage. Ms. Heird argues

6

that the prevailing party could not be stated with certainty because Mr. Bateman prevailed only on the small-property claim and because the dismissal of his daughter's claim without prejudice did not sufficiently conclude the lawsuit. *See FMC Corp. v. Helton*, 360 Ark. 465, 202 S.W.3d 490 (2005); *Burnette v. Perkins & Assocs.*, 343 Ark. 237, 33 S.W.3d 145 (2000). She concludes that the circuit court did not abuse its discretion in awarding $750 in attorney's fees in this case.

Upon finding that Ms. Heird failed to put forth a meritorious defense showing why payment of Mr. Bateman's small claim was not made within the sixty days allowed under Arkansas Code Annotated section 27-53-402, the circuit court properly recognized that the statute mandated he be awarded a reasonable attorney's fee. We hold, however, that the court abused its discretion by deciding on the amount of the attorney's fee before giving Mr. Bateman the opportunity he requested to submit a fee petition, and by reiterating its decision without further explanation even after the fee petition was submitted. As in *Knesek*, 2013 Ark. 380, and *Bailey*, 355 Ark. 560, 142 S.W.3d 634, we are unable to determine the basis of the circuit court's decision regarding the amount of the attorney's fee it awarded. We therefore reverse, and we remand for consideration of the requested fee under the *Chrisco* factors.

Reversed and remanded.

HARRISON and WHITEAKER, JJ., agree.

*Trafford Law Firm*, by: *Winfred A. Trafford*; and *Bridges, Young, Matthews & Drake PLC*, by: *John P. Talbot*, for appellant.
*The Huckabay Law Firm, PLC*, by: *James T. Sayes*, for appellee.